UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 - 1 1 4 ⁹ 3 ᴍLW

KERI BEMIS AS TRUSTEE OF
MATTHEWS LANDING, et al.

     Plaintiffs,

v.

ADESA IMPACT,

     Defendant.    MAGISTRATE JUDGE

Civil Action No. _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED ____ N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b) and 1446, and 28 U.S.C. §1332, Defendant hereby

removes to this Court the above-captioned civil action now pending in the Bristol County

Superior Court of the Commonwealth of Massachusetts (entitled, *Keri Bemis as Trustee of

Matthews Landing, et al. v. ADESA/IMPACT*, Civil Action No. 2005-00641). As grounds for

removal, Defendant states:

### STATEMENT OF GROUNDS FOR REMOVAL

1.    On or about June 8, 2005, Plaintiffs commenced this action against Defendant Adesa

Impact by filing a complaint in the Superior Court Department of the Trial Court for

Bristol County, entitled *Keri Bemis as Trustee of Matthews Landing, et al. v.

ADESA/IMPACT*, Civil Action No. 2005-00641 (the "Complaint").

2.    A copy of the Complaint was served on Defendant Adesa Impact on June 28, 2005.

3.    Defendant Adesa Impact is a corporation under the laws of the State of Indiana, with

its principal place of business at 1308 Hamilton Crossing Blvd., Carmel, Indiana.

4.  The Complaint states that Plaintiffs reside in the Commonwealth of Massachusetts.

5.  The damages alleged in the Complaint exceed $75,000 per plaintiff, exclusive of interest and costs.

6.  This court has diversity jurisdiction over the above-described action under the provisions of 28 U.S.C. § 1332, and the action is properly removable pursuant to 28 U.S.C. § 1441.

7.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant Adesa Impact are attached hereto at Tab 1. Defendant Adesa Impact does not waive any defenses available to it by removing this action to federal court.

Wherefore, Defendant Adesa Impact hereby removes the above-captioned action pending in the Superior Court Department of the Trial Court of Massachusetts for Bristol County therefrom to this Court.

Respectfully Submitted,

Adesa Impact

By its attorneys,

Paul B. Galvani (BBO# 183800 )
Gabriel D. O'Malley (BBO# 651432)
ROPES & GRAY LLP
1 International Place
Boston, MA 02110
Telephone:(617) 951-7656
Fax:(617) 951-7050

Dated: July 1, 2005

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this __ day of

July, 2005 by first class mail, upon the following counsel of record:

Brian Cunha, Esq.
Law Offices of Brian Cunha and Associates
311 Pine Street
Fall River, Massachusetts 02720

Gabriel D. O'Malley

# *COMMONWEALTH OF MASSACHUSETTS*

BRISTOL, SS.                                  SUPERIOR COURT DEPARTMENT
                                             C.A. NO:

KERI BEMIS as Trustee of MATTHEWS            :
LANDING HOMEOWNERS TRUST,                    :
PHILLIP ANDERSON, PATRICIA ANDERSON,         :
JOHN C. BEMIS, KERI ANNE BEMIS,              :
SCOTT A. BAILEY, KIMBERLY A. BAILEY,         :
JOHN BOTELHO, KIMBERLY BOTELHO,              :
THOMAS CHAMBERS, SUSAN CHAMBERS,             :
STEVEN COSTA, MARIA COSTA,                   :
VIOLA GRIGAITIS, JAMES HOPKINS,              :
JILL HOPKINS, RICHARD FERRARA,               :
KERRI FERRARA, SCOT JONES,                   :
ANABELA JONES, THOMAS JOHNSON,               :
LYDIA JOHNSON, STEPHEN J. JOYCE,             :
JUDITH JOYCE, RODNEY LIMA,                   :
MICHELE LIMA, RICHARD MACLAREN,              :
JULIA MACLAREN, MARYANN MCARTHER,            :
WILLIAM MORRISON, PAMELA MORRISON,           :
EUGENE MCLAUGHLIN,                           :
SUSAN MCLAUGHLIN, TERENCE PHALEN,            :
COLLEEN PHALEN, PAUL PINHEIRO,               :
LORI PINHEIRO, MICHAEL BUCKLEY,              :
DIANE BUCKLEY, HENRY ROY, SHELLY ROY,        :
DAVID SARSFIELD, SUSAN SARSFIELD,            :
MARK TURCOTTE, LISA TURCOTTE,                :
RON WEIMERT, KAREN WEIMERT,                  :
JOHN WILSON, MARY ANN WILSON,                :
JAMES WITHERS, NATALIE WITHERS,              :
JAMES POILLUCCI, CHRISTINE LEBREQUE,         :
and DUANE SOUSA,                             :
                                             :
                        PLAINTIFFS           :
VS.                                          :
                                             :
ADESA/IMPACT                                 :
                                             :
                        DEFENDANT            :

## COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiffs, Keri Bemis as Trustee of Matthews Landing, Phillip Anderson, Patricia
Anderson, John C. Bemis, Keri Anne Bemis, Scott A. Bailey, Limberly A. Bailey, John Botelho,
Kimberly Botelho, Thomas Chambers, Susan Chambers, Steven Costa, Maria Costa, Viola
Grigaitis, James Hopkins, Jill Hopkins, Richard Ferrara, Kerri Ferrara, Scot Jones, Anabela Jones,
Thomas Johnson, Lydia Johnson, Stephen J. Joyce, Judith Joyce, Rodney Lima, Michele Lima,
Richard Maclaren, Julia Maclaren, Maryann Mcarther, William Morrison, Pamela Morrison,
Eugene Mclaughlin, Susan Mclaughlin, Terence Phalen, Colleen Phalen, Paul Pinheiro, Lori
Pinheiro, Michael Buckley, Diane Buckley, Henry Roy, Shelly Roy, David Sarsfield, Susan
Sarsfield, Mark Turcotte, Lisa Turcotte, Ron Weimert, Karen Weimert, John Wilson, Mary Ann
Wilson, James Withers and Natalie Withers, James Poillucci, Christine Lebreque, and Duane
Sousa, (hereinafter referred to as the "PLAINTIFFS") by their attorneys, BRIAN CUNHA &
ASSOCIATES, P.C., for their complaint against ADESA/IMPACT, (hereinafter referred to as
the "DEFENDANT")

### I. PARTIES

1.     PLAINTIFFS are property owners and residents of the State of Massachusetts, and
       currently reside in the Town of Taunton, Massachusetts. Their properties have been
       threatened with and/or contaminated with MTBE.

       A.     PLAINTIFF, Keri Bemis as Trustee of Matthews Landing Homeowners Trust.
              Matthews Landing Homeowners Trust is a Trust formed and organized under
              Chapter 183 of the General Laws of The Commonwealth of Massachusetts located
              in Taunton, Massachusetts. The Beneficiaries of the Trust consists of the twenty-

2

six (26) homes (condominiums) located and named in the Master Deed of Matthews Landing filed in the Bristol County Registry of Deed Book 5542 and Page 138, and was formed for their common benefit. The common property of the Trust consists of roads and other common areas that are commonly owned and paid for by the Trust. The homeowners are also individual Plaintiffs in this action.

B. PLAINTIFF, Phillip Anderson, is a resident of the State of Massachusetts, and currently resides at 7 Grace Circle, East Taunton, Massachusetts 02718.

C. PLAINTIFF, Patricia Anderson, is a resident of the State of Massachusetts, and currently resides at 7 Grace Circle, East Taunton, Massachusetts 02718.

D. PLAINTIFF, John C. Bemis, is a resident of the State of Massachusetts, and currently resides at 61 Meaghan Circle, East Taunton, Massachusetts 02718.

E. PLAINTIFF, Keri Anne Bemis, is a resident of the State of Massachusetts, and currently resides at 61 Meaghan Circle, East Taunton, Massachusetts 02718.

F. PLAINTIFF, Scott A. Bailey, is a resident of the State of Massachusetts, and currently resides at 80 Meaghan Circle, East Taunton, Massachusetts 02718.

G. PLAINTIFF, Kimberly Bailey, is a resident of the State of Massachusetts, and currently resides at 80 Meaghan Circle, East Taunton, Massachusetts 02718.

H. PLAINTIFF, John Botelho, is a resident of the State of Massachusetts, and currently reside at 95 Meaghan Circle, East Taunton, Massachusetts 02718.

I. PLAINTIFF, Kimberly Botelho, is a resident of the State of Massachusetts, and currently reside at 95 Meaghan Circle, East Taunton, Massachusetts 02718.

J. PLAINTIFF, Thomas Chambers, is a resident of the State of Massachusetts, and

3

currently resides at 102 Matthews Drive, East Taunton, Massachusetts 02718.

K. PLAINTIFF, Susan Chambers, is a resident of the State of Massachusetts, and currently resides at 102 Matthews Drive, East Taunton, Massachusetts 02718.

L. PLAINTIFF, Steven Costa, is a resident of the State of Massachusetts, and currently resides at 36 Meaghan Circle, East Taunton, Massachusetts 02718.

M. PLAINTIFF, Maria Costa, is a resident of the State of Massachusetts, and currently resides at 36 Meaghan Circle, East Taunton, Massachusetts 02718.

N. PLAINTIFF, Viola Grigaitis, is a resident of the State of Massachusetts and currently resides at 64 Matthew's Drive, East Taunton, Massachusetts 02718.

O. PLAINTIFF, James Hopkins, is a resident of the State of Massachusetts, and currently resides at 26 Grace Circle, East Taunton, Massachusetts 02718.

P. PLAINTIFF, Jill Hopkins, is a resident of the State of Massachusetts, and currently resides at 26 Grace Circle, East Taunton, Massachusetts 02718.

Q. PLAINTIFF, Richard Ferrara, is a resident of the State of Massachusetts, and currently resides at 90 Matthews Drive, East Taunton, Massachusetts, 02718.

R. PLAINTIFF, Kerri Ferrara, is a resident of the State of Massachusetts, and currently resides at 90 Matthews Drive, East Taunton, Massachusetts, 02718.

S. PLAINTIFF, Scott Jones, is a resident of the State of Massachusetts, and currently resides at 26 Meaghan Circle, East Taunton, Massachusetts, 02718.

T. PLAINTIFF, Anabela Jones, is a resident of the State of Massachusetts, and currently resides at 26 Meaghan Circle, East Taunton, Massachusetts, 02718.

U. PLAINTIFF, Thomas Johnson, is a resident of the State of Massachusetts, and

4

currently resides at 49 Meaghan Circle, East Taunton, Massachusetts, 02718.

V.    PLAINTIFF, Lydia Johnson, is a resident of the State of Massachusetts, and
      currently resides at 49 Meaghan Circle, East Taunton, Massachusetts, 02718.

W.    PLAINTIFF, Stephen Joyce, is a resident of the State of Massachusetts, and
      currently resides at 50 Matthews Drive, East Taunton, Massachusetts, 02718.

X.    PLAINTIFF, Judith Joyce, is a resident of the State of Massachusetts, and
      currently resides at 50 Matthews Drive, East Taunton, Massachusetts, 02718.

Y.    PLAINTIFF, Rodney Lima, is a resident of the State of Massachusetts, and
      currently resides at 76 Matthews Drive, East Taunton, Massachusetts, 02718.

Z.    PLAINTIFF, Michele Lima, is a resident of the State of Massachusetts, and
      currently resides at 76 Matthews Drive, East Taunton, Massachusetts, 02718.

AA.   PLAINTIFF, Richard Maclaren, is a resident of the State of Massachusetts, and
      currently resides at 85 Matthews Drive, East Taunton, Massachusetts, 02718.

BB.   PLAINTIFF, Julia Maclaren, is a resident of the State of Massachusetts, and
      currently resides at 85 Matthews Drive, East Taunton, Massachusetts, 02718.

CC.   PLAINTIFF, Maryann Mcarther, is a resident of the State of Massachusetts, and
      currently resides at 118 Matthews Drive, East Taunton, Massachusetts, 02718.

DD.   PLAINTIFF, William Morrison, is a resident of the State of Massachusetts, and
      currently resides at 23 Grace Circle, East Taunton, Massachusetts, 02718.

EE.   PLAINTIFF, Pamela Morrison, is a resident of the State of Massachusetts, and
      currently resides at 23 Grace Circle, East Taunton, Massachusetts, 02718.

FF.   PLAINTIFF, Eugene McLaughlin, is a resident of the State of Massachusetts, and

5

currently resides at 36 Grace Circle, East Taunton, Massachusetts, 02718.

GG.   PLAINTIFF, Susan McLaughlin, is a resident of the State of Massachusetts, and
currently resides at 36 Grace Circle, East Taunton, Massachusetts, 02718.

HH.   PLAINTIFF, Terence Phalen, is a resident of the State of Massachusetts, and
currently resides at 27 Meaghan Circle, East Taunton, Massachusetts, 02718.

II.   PLAINTIFF, Colleen Phalen, is a resident of the State of Massachusetts, and
currently resides at 27 Meaghan Circle, East Taunton, Massachusetts, 02718.

JJ.   PLAINTIFF, Paul Pinheiro, is a resident of the State of Massachusetts, and
currently resides at 33 Grace Circle, East Taunton, Massachusetts, 02718.

KK.   PLAINTIFF, Lori Pinheiro, is a resident of the State of Massachusetts, and
currently resides at 33 Grace Circle, East Taunton, Massachusetts, 02718.

LL.   PLAINTIFF, Michael Buckley, is a resident of the State of Massachusetts, and
currently resides at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.

MM.   PLAINTIFF, Diane Buckley, is a resident of the State of Massachusetts, and
currently resides at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.

NN.   PLAINTIFF, Henry Roy, is a resident of the State of Massachusetts, and currently
resides at 48 Meaghan Circle, East Taunton, Massachusetts, 02718.

OO.   PLAINTIFF, Shelly Roy, is a resident of the State of Massachusetts, and currently
resides at 48 Meaghan Circle, East Taunton, Massachusetts, 02718.

PP.   PLAINTIFF, David Sarsfield, is a resident of the State of Massachusetts, and
currently resides at 75 Meaghan Circle, East Taunton, Massachusetts, 02718.

QQ.   PLAINTIFF, Susan Sarsfield, is a resident of the State of Massachusetts, and

6

currently resides at 75 Meaghan Circle, East Taunton, Massachusetts, 02718.

RR.    PLAINTIFF, Mark Turcotte, is a resident of the State of Massachusetts, and currently resides at 90 Meaghan Circle, East Taunton, Massachusetts, 02718.

SS.    PLAINTIFF, Lisa Turcotte, is a resident of the State of Massachusetts, and currently resides at 90 Meaghan Circle, East Taunton, Massachusetts, 02718.

TT.    PLAINTIFF, Ron Weimert, is a resident of the State of Massachusetts, and currently resides at 99 Matthews Drive, East Taunton, Massachusetts, 02718.

UU.    PLAINTIFF, Karen Weimert, is a resident of the State of Massachusetts, and currently resides at 99 Matthews Drive, East Taunton, Massachusetts, 02718.

VV.    PLAINTIFF, John Wilson, is a resident of the State of Massachusetts, and currently resides at 62 Meaghan Circle, East Taunton, Massachusetts, 02718.

WW.    PLAINTIFF, Mary Ann Wilson, is a resident of the State of Massachusetts, and currently resides at 62 Meaghan Circle, East Taunton, Massachusetts, 02718.

XX.    PLAINTIFF, James Withers, is a resident of the State of Massachusetts, and currently resides at 71 Matthews Drive, East Taunton, Massachusetts, 02718.

YY.    PLAINTIFF, Natalie Withers, is a resident of the State of Massachusetts, and currently resides at 71 Matthews Drive, East Taunton, Massachusetts, 02718.

ZZ.    PLAINTIFF, James Poillucci, is a resident of the State of Massachusetts, and who resided at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.

AAA.    PLAINTIFF, Christine LeBreque, is a resident of the State of Massachusetts, and who resided at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.

BBB.    PLAINTIFF, Duane Sousa, is a resident of the State of Massachusetts, and

7

currently resides at 26 Meaghan Circle, East Taunton, Massachusetts, 02718.

2.    DEFENDANT, ADESA/IMPACT is a duly organized corporation authorized to do
      business in the State of Massachusetts with a principal place of business located at 580
      Myricks Street Taunton, Massachusetts.

3.    When, in this complaint, reference is made to any act of the DEFENDANT, such
      reference shall be deemed to include the officers, directors, agents, employees, or
      representatives of the DEFENDANT who committed or authorized such acts, or failed to
      and omitted to adequately supervise or to properly control or direct their employees while
      engaged in the management, direction, operation, or control of the affairs of the
      DEFENDANT.

## II. BACKGROUND

4.    PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the
      allegations contained in Paragraphs 1 through 3 inclusive.

5.    The property owned by the DEFENDANT ADESA primarily serves as an automotive
      recovery facility for the temporary secure storage of vehicles and for auctions of such
      vehicles. The vehicles are received, cataloged and stored mainly to recover salvage value
      for insurance companies.

6.    The ADESA office building and garage occupies approximately 7500 square feet of the
      thirty (30) acre ADESA property. One outdoor 1,000 gallon diesel above ground storage
      tank exists at the facility and is located approximately 300 feet northwest of the office
      building. A former 200 gallon gasoline above ground storage tank (AST) was located
      approximately 1,000 feet north of the building and was removed in February 2004. The

8

ADESA property has frontage on Myricks Street and is just North of the Town of Lakeville border. The PLAINTIFFS residential properties, which include portions of Matthews Drive, Meaghan Circle and Grace Circle, are located approximately 200 to 500 feet East of the ADESA property boundary.

7.   On December 5, 2003, the Massachusetts Department of Environmental Protection (MADEP) was made aware of the presence of Methyl Tertiary Butyl Ether (MTBE) contaminating the PLAINTIFFS private drinking water supply wells at their residences adjacent to the ADESA property. MADEP concluded that the likely source of the contamination was from a gasoline spill containing MTBE that had previously occurred on the ADESA property that had migrated to the PLAINTIFFS drinking water wells.

8.   MADEP assigned the ADESA disposal site with case number RTN4-18119.

9.   On December 8, 2003, a notice of responsibility (NOR) letter was sent to ADESA as a result of MTBE being detected in the PLAINTIFFS private drinking water supply wells.

10.   MADEP required that ADESA initiate an immediate response action plan (IRA) to evaluate whether releases occurred at its facility that resulted in the identified contamination of the PLAINTIFFS private drinking water supply wells.

11.   Pursuant to the (IRA) the DEFENDANT retained GeoInsight Inc., 25 Sundial Avenue, Suite 515 West, Manchester, New Hampshire 03103, to conduct an investigation and evaluation of the contamination.

12.   The topography in the area of the previously removed (AST), slopes East to Northeast directly onto the location of the PLAINTIFFS contaminated drinking water supply wells.

9

13. The groundwater flow in the area also flows from the location of the previously removed (AST) in an East to Northeast direction onto the location of the PLAINTIFFS contaminated drinking water supply wells.

14. Soil samples and soil borings located adjacent to the (AST) taken December 9, 2003 and December 11, 2003 collected and submitted for laboratory analysis, revealed elevated gasoline and concentrations of MTBE ranging from 320 micrograms per kilogram (ug/kg) to 2,300 ug/kg, which exceeded the reportable concentration of 300 ug/kg.

15. In the summer of 2003, the DEFENDANT had a gasoline (AST) leak, which the DEFENDANT failed to report to MADEP as required by the code of Massachusetts Regulations 310 CMR 40.00 et al.

16. That it is the PLAINTIFFS' contention that the (AST) leak of gasoline in the Summer of 2003 and at other sundry times resulted in the contamination of the PLAINTIFFS well water supply with the gasoline additive MTBE.

### What is MTBE?

17. MTBE is a shorthand name for methyl tertiary-butyl ether. MTBE is a manmade organic chemical. "Organic," in the chemical world, means it is a carbon-based compound, and does not occur in nature without the help of man. Like most synthetic chemicals, oil or natural gas serve as the starting point for the chemical synthesis of MTBE.

18. MTBE is highly flammable and mixes easily with gasoline. Each MTBE molecule contains one oxygen atom, which makes MTBE useful in reducing emissions from gasoline pow-ered engines. MTBE evaporates easily, is lighter than water, and does not break down

easily in nature. MTBE is also far more soluble in water than the other chemicals found in gasoline. It is MTBE's water solubility, and the resistance to natural degradation to less objectionable compounds like ethanol, that make MTBE a serious water pollution threat.

19.    MTBE has a putrid, foul and offensive odor and taste that easily contaminates water supplies and is a potential carcinogen.

20.    The United States Environmental Protection Agency and Congress have mandated that reducing carbon monoxide and ozone air pollution from gasoline operated automobiles, trucks, and other engine is an important, indeed critical goal. Carbon monoxide is poisonous, and increased levels of carbon monoxide in the air damages the health of at least some persons who live in those areas. Ozone, commonly referred to as "smog," is a highly reactive three atom oxygen compound. Ozone is protective of life when found in the upper reaches of our atmosphere, but damaging to our lungs, and to plant and animal life when at the altitudes where we breathe.

21.    As a result of the 1990 Amendments to the Clean Air Act (hereinafter referred to . "CAA"), oxygenates are required in two different fuel programs. It established air-quality standards for six major pollutants: carbon monoxide, hydrocarbons, photochemical oxidants, nitrogen oxides, sulfur oxides, and particulate matter. The 1990 Amendments added provisions relating to oxygenated gasoline and RFG.

22.    RFG is a special recipe for gasoline, with tighter specifications for the physical properties of the gasoline, and for several components, including an oxygenate. The most widely used oxygenate after 1995 was MTBE.

23.    Gasoline containing MTBE, per the (CAA) has been in use in Massachusetts since 1995.

The gasoline that leaked from the Defendant's (AST) contained MTBE.

## III NEGLIGENCE

24. PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 23 inclusive.

25. DEFENDANT, ADESA improperly stored gasoline in a 200 gallon (AST) that was improperly maintained, serviced, and updated in violation of State and local laws.

26. That the leaking of the (AST) and the propensity of gasoline containing MTBE to contaminate soil and drinking water is so menacing that the DEFENDANT knew or should have known that the failure to use proper storage containers, would pose a significant threat to PLAINTIFFS' property.

27. Despite DEFENDANT'S past and current knowledge of MTBE' harmful characteristics, DEFENDANT placed, gasoline in an (AST) in violation of State and local regulations.

28. Gasoline containing MTBE should not have been distributed and/or stored on DEFENDANT'S property without proper education and without warning of the propensity to contaminate the soil and drinking well water. Moreover, DEFENDANT should have properly educated and warned the governmental agencies including MADEP, and private property owners and the public (including PLAINTIFFS) of the release of gasoline in the summer of 2003 and other sundry times and failed to do so in violation of Massachusetts MADEP regulations.

29. Prior to storing and dispensing gasoline containing MTBE, DEFENDANT knew or should have known that in the event that said MTBE was released into soil and groundwater, it would not be biodegradable or bioremediated.

12

30. DEFENDANT owed PLAINTIFFS a duty of due care which could be satisfied by safe and proper use, management, and storage, of its petroleum related products.

31. DEFENDANT had a specific duty to prevent the discharge or release of such substances which might harm the persons, property or economic interests of PLAINTIFFS.

32. DEFENDANT also had a specific duty to warn or notify PLAINTIFFS of the potential hazards of exposure to toxic and hazardous substances and to warn or notify PLAINTIFFS and MADEP that discharges or releases of these substances had occurred, were likely to occur in the future and threatened PLAINTIFFS.

33. DEFENDANT breached these duties by their negligent, and reckless management, storage, and use of its gasoline.

34. DEFENDANT'S reckless, negligent, and illegal conduct resulted in the actual dangerous releases of hazardous and toxic substances into the PLAINTIFFS' properties. These actual and continued releases and discharges have subjected PLAINTIFFS to unreasonable risk of harm, threat of future harm, and to actual injuries to their properties, economic interests and persons.

35. DEFENDANT also failed to warn PLAINTIFFS and MADEP of the actual and threatened releases of such substances and of the reasonably foreseeable effects of such releases, an omission that was reckless, grossly negligent, and/or negligent.

36. DEFENDANT failed to and continues to fail to act to prevent its releases from harming PLAINTIFFS.

37. DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS

13

causing both actual present harm to PLAINTIFFS' properties and economic interests and creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries and anticipated additional costs for their damages.

38.   All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS' injuries, however, are as yet undeterminable in magnitude. The amount of damage for the injuries will be established at trial.

## NEGLIGENCE

## DUTY TO PREVENT AND TO WARN

## IV.  DUTY TO PREVENT

39.   PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 38 inclusive.

40.   DEFENDANT failed to take appropriate precautions to protect PLAINTIFFS' soil and well water supply, from being threatened and/or contaminated with MTBE.  In failing to take adequate steps to prevent soil and well water contamination, DEFENDANT also breached its duty to protect PLAINTIFFS' exposure to contaminated soil and well water.

41.   DEFENDANT further negligently breached its duty to prevent MTBE from being discharged and released from storage tanks, barrels, and pipe lines into the soil and well water.

42.   DEFENDANT, after a substantial amount of MTBE was placed into the soil and well water, failed to prevent the threat of continued migration of said byproducts into the soil and well water by failing to report the leak to the MADEP, which continues to threaten

14

PLAINTIFFS' properties.

43.    DEFENDANT knew, or should have known, that the MTBE contaminated soil and well water that may poison PLAINTIFFS' infrastructure and water supply for many years.

44.    DEFENDANT was in a position to stop this threat and/or contamination from spreading and yet did nothing.

## V. DUTY TO WARN

45.    PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 44 inclusive.

46.    DEFENDANT failed in its duty to warn public agencies and private property owners of MTBE's byproducts' propensity to contaminate PLAINTIFFS' properties. Moreover, DEFENDANT failed to warn PLAINTIFFS and the Town of Taunton and MADEP that, as a result of having MTBE placed into the soil, their property and well water was in danger of being contaminated.

47.    PLAINTIFFS' injuries were a foreseeable result of DEFENDANT'S placement of MTBE into the soil.

48.    As a direct and proximate result of DEFENDANT'S negligent breach of its duties, as outlined above, PLAINTIFFS have suffered extensive damages in an amount to be proven at the time of trial.

49.    DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS causing both actual present harm to PLAINTIFFS' properties and economic interests and creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to

recover damages for such injuries and anticipated additional costs for their damages.

## VI. DUTY TO REMEDIATE

50. PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 49 inclusive.

51. DEFENDANT placed MTBE into the soil without warning governmental authorities, private properties owners, or PLAINTIFFS, of MTBE's dangers.

52. Once DEFENDANT knew that contamination was being discharged into the soil in the Town of Taunton, they did nothing to prevent the contamination from spreading into PLAINTIFFS' properties.

53. Moreover, DEFENDANT knew or should have known that PLAINTIFFS was defenseless to protect themselves because they did not have knowledge of MTBE's negative impact on well water.

54. Also, once it became known that PLAINTIFFS' soil was contaminated, DEFENDANT should have warned PLAINTIFFS of the problem and immediately remediated the contamination that its business activities had caused.

55. Once the contamination became known, DEFENDANT failed to control the contamination from expanding into PLAINTIFFS' and the surrounding community's soil.

56. Once the contamination became known, DEFENDANT failed to remediate the contamination. DEFENDANT has left PLAINTIFFS and the community to remediate the contamination knowing that PLAINTIFFS did not have the expertise or the resources to properly remediate the contamination that DEFENDANT created.

57. As a direct and proximate result of DEFENDANT'S breach of its duties, as outlined

above, PLAINTIFFS have suffered extensive damages in an amount to be proven at trial.

58.   Moreover, DEFENDANT willfully and intentionally breached its duty of care and acted
      with conscious disregard of PLAINTIFFS' safety.

59.   DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS
      causing both actual present harm to PLAINTIFFS' properties and economic interests and
      creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and
      interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to
      recover damages for such injuries and anticipated additional costs for their damages.

## VII. ABNORMALLY DANGEROUS ACTIVITY
## ABSOLUTE OR STRICT LIABILITY

60.   PLAINTIFF realleges and incorporates by reference as if fully set forth herein Paragraphs
      1 through 59, inclusive.

61.   The MTBE released by DEFENDANT is toxic and hazardous and capable of causing
      severe personal injuries to persons coming into contact with it and, as such, is an ultra-
      hazardous material and abnormally dangerous.

62.   The use and storage of gasoline with MTBE is an ultra-hazardous and abnormally
      dangerous activity, subjecting persons coming into contact with MTBE to a severe risk of
      harm, regardless of the degree of caution which DEFENDANT might have exercised.
      The risk of such an activity was not and is not outweighed by any value associated with its
      use to the community.

63.   In addition, with full knowledge of the environmental and health hazards associated with
      the disposal and release of MTBE, DEFENDANT negligently allowed the disposal of said
      toxic MTBE in the vicinity and eventually on the PLAINTIFFS' property.

64. Although PLAINTIFFS maintain that DEFENDANT'S activities were abnormally dangerous per se, the location of such activities in a well-populated area such as a residential area in the Town of Taunton would independently have rendered them abnormally dangerous.

65. As a direct and proximate result of DEFENDANT'S use and storage of natural gasoline containing MTBE, contaminants were released into the environment, thereby injuring PLAINTIFFS, which include actual present harm to their property and economic interests, and potential future harm to PLAINTIFFS due to the threat of future contamination, as well as inconvenience and interference with the use and enjoyment of their property. These injuries constitute the type and harm which made the activities abnormally dangerous.

66. By reason of the foregoing, DEFENDANT is strictly liable in tort for the damages sustained by PLAINTIFFS.

67. All injuries and damages to PLAINTIFFS are substantial; however, many of the injuries to PLAINTIFFS are as yet undetermined in magnitude. The amount of damage for some of PLAINTIFFS' injuries will be established at trial.

## VIII. PRIVATE NUISANCE

68. PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 67, inclusive.

69. At all times material hereto, PLAINTIFFS were in lawful possession of their land.

70. DEFENDANT'S use, possession and storage of gasoline containing MTBE has resulted in

an intrusion and the continued intrusion upon PLAINTIFFS' properties, significantly and negatively impacting upon PLAINTIFFS' right to use and enjoy their property.

71. Specifically, DEFENDANT'S unreasonable emission, disposal and release of MTBE into PLAINTIFFS' soil, was substantially offensive, discomforting and annoying to persons of ordinary sensibilities, tastes, and habits.

72. DEFENDANT'S interference with PLAINTIFFS' rights were so unusual and excessive that it necessarily caused injury, damage, harm and inconvenience to PLAINTIFFS, and it substantially, materially and unusually interfered with their comfort, and with the proper use and enjoyment of their properties.

73. PLAINTIFFS' specific damages include, but are not limited to, remediation costs attributable to the presence of contaminants on her property. Such invasion of PLAINTIFFS' rights were unreasonable.

74. DEFENDANT'S use, possession and storage of MTBE has resulted in an entry and intrusion, and the continued entry and intrusion onto the property of PLAINTIFFS without privilege, permission, invitation or justification.

75. DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries, including actual or increased harm to their property and economic interests and injuries to their persons, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries.

76. All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS' injuries, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at trial.

## IX. TRESPASS

77.    PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs
       1 through 76, inclusive.

78.    PLAINTIFFS were at all relevant times in possession of land they owned and/or occupied.

79.    Upon information and belief, DEFENDANT knew its intentional discharge of
       contaminants had migrated onto PLAINTIFFS' properties.

80.    Upon information and belief, despite DEFENDANT'S knowledge of the harm caused by
       the placement of MTBE in the soil, DEFENDANT intentionally persisted in its conduct
       and continued to discharge said contaminants.

81.    Upon information and belief, the discharge which DEFENDANT knew or should have
       known migrated onto PLAINTIFFS' soil and property, constitutes a trespass.

82.    Upon information and belief, PLAINTIFFS' real property, continues to be threatened,
       exposed to and/or contaminated by hazardous chemicals and materials originating at
       DEFENDANT'S facility.

83.    DEFENDANT'S use, possession and storage of MTBE has resulted in an entry and
       intrusion onto PLAINTIFFS' property without privilege, permission, invitation or
       justification.

84.    DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries,
       including actual physical harm to property and economic interests and an increased risk
       of future harm to her person, as well as inconvenience and interference with the use and
       enjoyment of her property. PLAINTIFFS are entitled to recover damages for such
       injuries.

20

85.  All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS' injuries, however, are as yet undetermined in magnitude. The amount of damages for such injuries will be established at trial.

## X. PUBLIC NUISANCE

86.  PLAINTIFFS reallege and incorporates by reference as if fully set forth herein Paragraphs 1 through 85, inclusive.

87.  DEFENDANT has manufactured and disposed of its product in a manner that has unreasonably endangered or injured the property, health, safety and comfort of PLAINTIFFS and other town residents, causing inconvenience and annoyance.

88.  Actual MTBE contamination caused by DEFENDANT'S conduct has caused injury to PLAINTIFFS in the form of present serious interference with the use, benefit and/or enjoyment of her property, in a way that an ordinary reasonable person would define as substantial inconvenience, annoyance, and injury.

89.  DEFENDANT has violated and/or threatened to violate PLAINTIFFS' right to contaminate free well water.

90.  As a direct and proximate result of DEFENDANT'S acts and omissions creating the above-described nuisance, PLAINTIFFS have suffered special injuries to their properties, including but not limited to, the threat and/or actual contamination by MTBE, reduction of their property values and the costs associated with removing said contamination.

21

## XI. PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFFS demand judgment in their favor against DEFENDANT:

a.  A declaration by the Court that DEFENDANT has been and continues to
    be in violation of the above legal duties;

b.  Awarding PLAINTIFFS compensatory damages;

c.  Awarding PLAINTIFFS the costs of this lawsuit, including but not limited to,
    attorneys' fees and expert costs as authorized by statute and the applicable rules of
    this Court;

d.  Enjoining DEFENDANT from allowing the continued placement and
    migration of MTBE onto PLAINTIFFS' soil and property;

e.  Requiring DEFENDANT to pay all future costs incurred by PLAINTIFFS
    for the costs associated with obtaining alternative housing or well water
    remediation;

f.  Requiring DEFENDANT to pay all of PLAINTIFFS' costs associated with
    the diminished property values as a result of the contamination including
    the repair of the street and surrounding property;

g.  Preliminary and permanent injunctions to pay money into a fund sufficient
    to clean and remediate the contamination that DEFENDANT caused to
    be discharged into PLAINTIFFS' soil and well water;

h.  An Order mandating that DEFENDANT and its successors and assigns, to
    take every action necessary to assure that all relief requested herein is
    obtained and fully funded;

i.    Awarding PLAINTIFFS sufficient sums to compensate them for past,

present and future pain and suffering, lost wages and reasonable medical

expenses, including but not limited to, medical monitoring;

j.    Awarding PLAINTIFFS such other, further, and different relief as the

Court may deem appropriate and just; and

k.    Trial by Jury.

Plaintiffs
By their Attorneys,
BRIAN CUNHA & ASSOCIATES, P.C.

_____

Brian R. Cunha, Esquire    #108560
311 Pine Street
Fall River, MA 02720
Telephone:    (508) 675-9500
Fax:    (508)679-6360

23



Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. 2005-00641

KERI BEMIS as Trustee of Matthews Landing et al
_____, Plaintiff (s)

v.

ADESA/IMPACT
_____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
    PLEASE INDICATE TYPE OF ACTION INVOLVED : X
    TORT — MOTOR VEHICLE TORT — CONTRACT —
    EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT: Adesa/Impact, 580 Myricks Street, Taunton, MA

You are hereby summoned and required to serve upon Brian R. Cunha

plaintiff's attorney, whose address is 311 Pine Street, Fall River, MA 02720 ;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 14th day of June, in the year of our Lord two thousand and 05

A TRUE ATTESTED COPY

BRISTOL COUNTY DEPUTY SHERIFF

Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

2SC 24

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)_____
   Keri Bemis as Trustee of Matthews Landing, et al. v. Adesa Impact

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also comp      AO       or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for pat              ark or copyright cases

   [✔] III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 6 0, 630 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                         YES [ ]      NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                                                         YES [ ]      NO [↖]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                         YES [ ]      NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                         YES [ ]      NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                         YES [↖]      NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division  [✔]        Central Division  [ ]           Western Division  [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division  [ ]         Central Division  [ ]           Western Division  [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                                                                         YES [ ]      NO [✔]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Gabriel D. O'Malley
ADDRESS   Ropes & Gray LLP, One International Place, Boston, MA 02110
TELEPHONE NO.   617-951-7656

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bemis, Keri, as Trustee of Matthews Landing, et al.

## DEFENDANTS
Adesa Impact

**(b)** County of Residence of First Listed Plaintiff   Bristol County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Hamilton County, Indiana
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

Ropes & Gray LLP, One International Place, Boston, MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

◻ 1  U.S. Government
Plaintiff

◻ 3  Federal Question
(U.S. Government Not a Party)

◻ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ◻ 1 | Incorporated or Principal Place of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated and Principal Place of Business In Another State | ◻ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance<br>◻ 120 Marine<br>◻ 130 Miller Act<br>◻ 140 Negotiable Instrument<br>◻ 150 Recovery of Overpayment & Enforcement of Judgment<br>◻ 151 Medicare Act<br>◻ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>◻ 153 Recovery of Overpayment of Veteran's Benefits<br>◻ 160 Stockholders' Suits<br>◻ 190 Other Contract<br>◻ 195 Contract Product Liability<br>◻ 196 Franchise | **PERSONAL INJURY**<br>◻ 310 Airplane<br>◻ 315 Airplane Product Liability<br>◻ 320 Assault, Libel & Slander<br>◻ 330 Federal Employers' Liability<br>◻ 340 Marine<br>◻ 345 Marine Product Liability<br>◻ 350 Motor Vehicle<br>◻ 355 Motor Vehicle Product Liability<br>◻ 360 Other Personal Injury | **PERSONAL INJURY**<br>◻ 362 Personal Injury - Med. Malpractice<br>◻ 365 Personal Injury - Product Liability<br>◻ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>◻ 370 Other Fraud<br>◻ 371 Truth in Lending<br>◻ 380 Other Personal Property Damage<br>◻ 385 Property Damage Product Liability | ◻ 610 Agriculture<br>◻ 620 Other Food & Drug<br>◻ 625 Drug Related Seizure of Property 21 USC 881<br>◻ 630 Liquor Laws<br>◻ 640 R.R. & Truck<br>◻ 650 Airline Regs.<br>◻ 660 Occupational Safety/Health<br>◻ 690 Other | ◻ 422 Appeal 28 USC 158<br>◻ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>◻ 820 Copyrights<br>◻ 830 Patent<br>◻ 840 Trademark | ◻ 400 State Reapportionment<br>◻ 410 Antitrust<br>◻ 430 Banks and Banking<br>◻ 450 Commerce<br>◻ 460 Deportation<br>◻ 470 Racketeer Influenced and Corrupt Organizations<br>◻ 480 Consumer Credit<br>◻ 490 Cable/Sat TV<br>◻ 810 Selective Service<br>◻ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ◻ 875 Customer Challenge 12 USC 3410 |
| ◻ 210 Land Condemnation<br>◻ 220 Foreclosure<br>◻ 230 Rent Lease & Ejectment<br>☒ 240 Torts to Land<br>◻ 245 Tort Product Liability<br>◻ 290 All Other Real Property | ◻ 441 Voting<br>◻ 442 Employment<br>◻ 443 Housing/ Accommodations<br>◻ 444 Welfare<br>◻ 445 Amer. w/Disabilities - Employment<br>◻ 446 Amer. w/Disabilities - Other<br>◻ 440 Other Civil Rights | ◻ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>◻ 530 General<br>◻ 535 Death Penalty<br>◻ 540 Mandamus & Other<br>◻ 550 Civil Rights<br>◻ 555 Prison Condition | ◻ 710 Fair Labor Standards Act<br>◻ 720 Labor/Mgmt. Relations<br>◻ 730 Labor/Mgmt.Reporting & Disclosure Act<br>◻ 740 Railway Labor Act<br>◻ 790 Other Labor Litigation<br>◻ 791 Empl. Ret. Inc. Security Act | ◻ 861 HIA (1395ff)<br>◻ 862 Black Lung (923)<br>◻ 863 DIWC/DIWW (405(g))<br>◻ 864 SSID Title XVI<br>◻ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>◻ 870 Taxes (U.S. Plaintiff or Defendant)<br>◻ 871 IRS—Third Party 26 USC 7609 | ◻ 890 Other Statutory Actions<br>◻ 891 Agricultural Acts<br>◻ 892 Economic Stabilization Act<br>◻ 893 Environmental Matters<br>◻ 894 Energy Allocation Act<br>◻ 895 Freedom of Information Act<br>◻ 900 Appeal of Fee Determination Under Equal Access to Justice<br>◻ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

Appeal to District

◻ 1 Original Proceeding

☒ 2 Removed from State Court

◻ 3 Remanded from Appellate Court

◻ 4 Reinstated or Reopened

◻ 5 Transferred from another district (specify)

◻ 6 Multidistrict Litigation

◻ 7 Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441, 1446; and 28 U.S.C. § 1332
Brief description of cause:
Removal of case from State Court

## VII. REQUESTED IN COMPLAINT:
◻ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ◻ Yes   ◻ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE