MAS-20041213
menardne
Case 1:05-cv-11493-MLW  Document 4  Filed 07/21/2005  Page 1 of 11
Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Civil Docket
07/19/2005
10:01 AM

## BRCV2005-00641
## Bemis, as Trustee et al v ADESA/IMPACT

| | | | | |
|---|---|---|---|---|
| **File Date** | 06/09/2005 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 07/19/2005 | **Session** | B - CtRm 2 - (Fall River) | |
| **Origin** | 1 | **Case Type** | B21 - Environmental | |
| **Lead Case** | | **Track** | A | |

$J5-11493-MLW$

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 09/07/2005 | **Answer** | 11/06/2005 | | **Rule12/19/20** | 11/06/2005 |
| **Rule 15** | 09/02/2006 | **Discovery** | 07/29/2007 | | **Rule 56** | 09/27/2007 |
| **Final PTC** | 01/25/2008 | **Disposition** | 06/08/2008 | | **Jury Trial** | Yes |

**PARTIES**

**Plaintiff**
Keri Bemis, as Trustee
Active 06/09/2005

**Private Counsel 108560**
Brian R Cunha
Cunha & Associates (Brian)
311 Pine Street
Fall River, MA 02720
Phone: 508-675-9500
Fax: 508-679-6360
Active 06/09/2005 Notify

**Alias defendant name**
Matthews Landing Homeowners Trust
Active 06/09/2005

*** See Attorney Information Above ***

**Plaintiff**
Phillip Anderson
7 Grace Circle
East Taunton, MA 02718
Active 06/09/2005

*** See Attorney Information Above ***

**Plaintiff**
Patricia Anderson
7 Grace Circle
East Taunton, MA 02718
Active 06/09/2005

*** See Attorney Information Above ***

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

MAS-20041213
menardne

Case 1:05-cv-11493-MLW   Document 4   Filed 07/21/2005   Page 2 of 11

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/19/2005
10:01 AM

# BRCV2005-00641
## Bemis, as Trustee et al v ADESA/IMPACT

| | |
|---|---|
| **Plaintiff**<br>John C. Bemis<br>61 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |
| **Plaintiff**<br>Keri Anne Bemis<br>61 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |
| **Plaintiff**<br>Scott A. Bailey<br>80 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |
| **Plaintiff**<br>Kimberly A. Bailey<br>80 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |
| **Plaintiff**<br>John Botelho<br>95 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |
| **Plaintiff**<br>Kimberly Botelho<br>95 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |

MAS-20041213
menardne

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/19/2005
10:01 AM

### BRCV2005-00641
### Bemis, as Trustee et al v ADESA/IMPACT

| | |
|---|---|
| **Plaintiff**<br>Thomas Chambers<br>102 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Susan Chambers<br>102 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Steven Costa<br>36 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Maria Costa<br>36 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Viola Grigaitis<br>64 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>James Hopkins<br>26 Grace Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |

MAS-20041213                Case 1:05-cv-11493-MLW    Document 4    Filed 07/21/2005    Page 4 of 11        07/19/2005
menardne                         **Commonwealth of Massachusetts**                                           10:01 AM
                                      BRISTOL SUPERIOR COURT
                                           **Case Summary**
                                           **Civil Docket**

# BRCV2005-00641
## Bemis, as Trustee et al v ADESA/IMPACT

| | |
|---|---|
| **Plaintiff**<br>Jill Hopkins<br>26 Grace Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |
| **Plaintiff**<br>Richard Ferrara<br>90 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |
| **Plaintiff**<br>Kerri Ferrara<br>90 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |
| **Plaintiff**<br>Scot Jones<br>26 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |
| **Plaintiff**<br>Anabela Jones<br>26 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |
| **Plaintiff**<br>Thomas Johnson<br>49 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | \*\*\* See Attorney Information Above \*\*\* |

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## BRCV2005-00641
### Bemis, as Trustee et al v ADESA/IMPACT

| | |
|---|---|
| **Plaintiff**<br>Lydia Johnson<br>49 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Stephen J. Joyce<br>50 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Judith Joyce<br>50 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Rodney Lima<br>76 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Michele Lima<br>76 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Richard Maclaren<br>85 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## BRCV2005-00641
## Bemis, as Trustee et al v ADESA/IMPACT

| | |
|---|---|
| **Plaintiff**<br>Julia Maclaren<br>85 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Maryann Mcarther<br>118 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>William Morrison<br>23 Grace Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Pamela Morrison<br>23 Grace Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Eugene Mclaughlin<br>36 Grace Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Susan Mclaughlin<br>36 Grace Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |

MAS-20041213
menardne

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/19/2005
10:01 AM

# BRCV2005-00641
## Bemis, as Trustee et al v ADESA/IMPACT

| | |
|---|---|
| **Plaintiff**<br>Terence Phalen<br>27 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Colleen Phalen<br>27 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Paul Pinheiro<br>33 Grace Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Lori Pinheiro<br>33 Grace Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Michael Buckley<br>85 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Diane Buckley<br>35 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |

MAS-20041213    Case 1:05-cv-11493-MLW    Document 4    Filed 07/21/2005    Page 8 of 11    07/19/2005
menardne                          Commonwealth of Massachusetts                              10:01 AM
                                      BRISTOL SUPERIOR COURT
                                          Case Summary
                                          Civil Docket

# BRCV2005-00641
## Bemis, as Trustee et al v ADESA/IMPACT

| | |
|---|---|
| **Plaintiff**<br>Henry Roy<br>48 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Shelly Roy<br>48 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>David Sarsfield<br>75 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Susan Sarsfield<br>75 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Mark Turcotte<br>90 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Lisa Turcotte<br>90 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |

MAS-20041213
menardne

Case 1:05-cv-11493-MLW    Document 4    Filed 07/21/2005    Page 9 of 11

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/19/2005
10:01 AM

# BRCV2005-00641
## Bemis, as Trustee et al v ADESA/IMPACT

| | |
|---|---|
| **Plaintiff**<br>Ron Weimert<br>99 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Karen Weimert<br>Wilson<br>62 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>John Wilson<br>62 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Mary Ann Wilson<br>62 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>James Withers<br>71 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Natalie Withers<br>71 Matthews Drive<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |

MAS-20041213
menardne

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/19/2005
10:01 AM

## BRCV2005-00641
## Bemis, as Trustee et al v ADESA/IMPACT

| | |
|---|---|
| **Plaintiff**<br>James Poillucci<br>85 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Christine Lebreque<br>85 Meaghan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Duane Sousa<br>26 Meagan Circle<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>ADESA/IMPACT<br>580 Myricks Street<br>Taunton, MA 02780<br>Served: 06/28/2005<br>Served (answr pending) 07/12/2005 | **Private Counsel 183800**<br>Paul B Galvani<br>Ropes & Gray<br>1 International Place<br>Boston, MA 02110<br>Phone: 617-951-7656<br>Fax: 617-951-7050<br>Active 07/19/2005 Notify |
| | **Private Counsel 651432**<br>Gabriel D O'Malley<br>Ropes & Gray<br>1 International Place<br>Boston, MA 02110<br>Phone: 617-951-7656<br>Fax: 617-951-7050<br>Active 07/19/2005 Notify |
| **Other interested party**<br>FILE COPY<br>Active 06/09/2005 Notify | |

MAS-20041213  Case 1:05-cv-11493-MLW  Document 4  Filed 07/21/2005  Page 11 of 11  07/19/2005
menardne  Commonwealth of Massachusetts  10:01 AM
BRISTOL SUPERIOR COURT
Case Summary
Civil Docket

## BRCV2005-00641
## Bemis, as Trustee et al v ADESA/IMPACT

**ENTRIES**

| Date | Paper | Text |
|------|-------|------|
| 06/09/2005 | 1.0 | Plaintiffs Keri Bemis, as Trustee of Matthews Landing Homeowners |
| | | Trust, Phillip Anderson, Patricia Anderson, John C. Bemis, Keri Anne |
| | | Bemis, Scott A. Bailey, Kimberly A. Bailey, John Botelho, Kimberly |
| | | Botelho, Thomas Chambers, Susan Chambers, Steven Costa, Maria Costa, |
| | | Viola Grigaitis, James Hopkins, Jill Hopkins, Richard Ferrara, Kerri |
| | | Ferrara, Scot Jones, Anabela Jones, Thomas Johnson, Lydia Johnson, |
| | | Stephen J. Joyce, Judith Joyce, Rodney Lima, Michele Lima, Richard |
| | | Maclaren, Julia Maclaren, Maryann Mcarther, William Morrison, Pamela |
| | | Morrison, Eugene Mclaughlin, Susan Mclaughlin, Terence Phalen, |
| | | Colleen Phalen, Paul Pinheiro, Lori Pinheiro, Michael Buckley, Diane |
| | | Buckley, Henry Roy, Shelly Roy, David Sarsfield, Susan Sarsfield, |
| | | Mark Turcotte, Lisa Turcotte, Ron Weimert, Karen Weimert, John |
| | | Wilson, Mary Ann Wilson, James Withers, Natalie Withers, James |
| | | Poillucci, Christine Lebreque, Duane Sousa's MOTION to waive filing |
| | | fee and proceed in forma pauperis |
| 06/09/2005 | 2.0 | Complaint & civil action cover sheet filed |
| 06/09/2005 | | Origin 1, Type B21, Track A. |
| 06/16/2005 | | MOTION (P#1) is DENIED (Frank M. Gaziano, Justice)vab Notices mailed |
| | | June 16, 2005 |
| 07/12/2005 | 3.0 | SERVICE RETURNED (summons): ADESA/IMPACT, service made on June 28, |
| | | 2005 (agent in charge service: David Vickey, Jr.) |
| 07/14/2005 | 4.0 | Notice for Removal to the United States District Court filed by |
| | | ADESA/IMPACT |
| 07/19/2005 | | Case REMOVED this date to US District Court of Massachusetts with |
| | | endorsement (05-11493MLW) thereon |

**EVENTS**

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 06/09/2005 | CtRm Main - (Taunton) | Status: by clerk | Event held as scheduled |
| | | Initial One Trial Review | |

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

SUPERIOR COURT DEPARTMENT

C.A. NO:  05-641

KERI BEMIS as Trustee of MATTHEWS
LANDING HOMEOWNERS TRUST,
PHILLIP ANDERSON, PATRICIA ANDERSON,
JOHN C. BEMIS, KERI ANNE BEMIS,
SCOTT A. BAILEY, KIMBERLY A. BAILEY,
JOHN BOTELHO, KIMBERLY BOTELHO,
THOMAS CHAMBERS, SUSAN CHAMBERS,
STEVEN COSTA, MARIA COSTA,
VIOLA GRIGAITIS, JAMES HOPKINS,
JILL HOPKINS, RICHARD FERRARA,
KERRI FERRARA, SCOT JONES,
ANABELA JONES, THOMAS JOHNSON,
LYDIA JOHNSON, STEPHEN J. JOYCE,
JUDITH JOYCE, RODNEY LIMA,
MICHELE LIMA, RICHARD MACLAREN,
JULIA MACLAREN, MARYANN MCARTHER,
WILLIAM MORRISON, PAMELA MORRISON,
EUGENE MCLAUGHLIN,
SUSAN MCLAUGHLIN, TERENCE PHALEN,
COLLEEN PHALEN, PAUL PINHEIRO,
LORI PINHEIRO, MICHAEL BUCKLEY,
DIANE BUCKLEY, HENRY ROY, SHELLY ROY,
DAVID SARSFIELD, SUSAN SARSFIELD,
MARK TURCOTTE, LISA TURCOTTE,
RON WEIMERT, KAREN WEIMERT,
JOHN WILSON, MARY ANN WILSON,
JAMES WITHERS, NATALIE WITHERS,
JAMES POILLUCCI, CHRISTINE LEBREQUE,
and DUANE SOUSA,

PLAINTIFFS

VS.

ADESA/IMPACT

DEFENDANT

BRISTOL, SS    COURT
FIL

JUN ▪ 9 2005

C. J. SANT
CLERK/MAGIST

4/14/05
Motion is denied.
(Garzano, J)  vah

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

## MOTION TO WAIVE ADDITIONAL FILING FEES

Now comes the Plaintiffs and request that this Honorable Court allow the Plaintiffs to file additional cases without the need to file filing fees for each case.

A reasons therefore, Plaintiffs state that all of the cases contained herein arise out of the same incident and contain the same facts and similar damages. Moreover, the Plaintiffs are the owners of the twenty-six (26) homes that comprise the property of the Matthews Landing Trust and all have a common interest in restoring their Trust property.

By way of background, this matter arose as a result of the leakage of gasoline containing MTBE from the Defendants above ground storage tank. The leakage caused MTBE to mix with ground water which flowed from the Defendant property into the Plaintiffs' drinking well water, whose property is adjacent to the Defendant's storage facility.

All of the Plaintiffs have been similarly damaged in that they have suffered inconvenience, interference with the use of their property and loss of property value. In as much as all of the cases are similar Plaintiffs would request that they be allowed to file one filing fee for all of the cases.

Plaintiffs
By their Attorneys,
BRIAN CUNHA & ASSOCIATES, P.C.

_____
Brian R. Cunha, Esquire      #108560
311 Pine Street
Fall River, MA 02720
Telephone:    (508) 675-9500
Fax:    (508)679-6360

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

Civil Docket **BRCV2005-00641**

RE:    Bemis/ as trustee et al v ADESA/IMPACT

TO:    FILE COPY

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **06/16/2005**:

*RE: Plaintiff Keri Bemis/ as trustee, Matthews Landing, Phillip Anderson, Patricia Anderson, John C. Bemis, Keri Anne Bemis, Scott A. Bailey, Limberly A. Bailey, John Botelho, Kimberly Botelho, Tom Chambers, Susan Chambers, Steven Costa, Maria Costa, Viola Grigaitis, James Hopkins, Jill Hopkins, Richard Ferrara, kerri Ferrara, Scott Jones, Anabela Jones, Thomas Johnson, Lydia Johnson, Stephen J. Joyce, Judith Joyce, Rodney Lima, Michelle Lima, Richard Maclaren, Julia Maclaren, Maryann Mcarther, William Morrison, Pamela Morrison, Eugene Mclaughlin, Susan Mclaughlin, Terence Phalen, Colleen Phalen, Paul Pinheiro, Lori Pinheiro, Michael Buckley, Diane Buckley, Henry Roy, Shelly Roy, David Sarsfield, Susan Sarsfield, Mark Turcotte, Lisa Turcotte, Ron Weimert, Karen Weirmert, John Wilson, Mary Ann Wilson, James Withers, Natalie Withers, James Poillucci, Christine Lebreque, Duane Sousa's MOTION to waive filing fee and proceed in forma pauperis*

**is as follows:**

**MOTION (P#1) is DENIED (Frank M. Gaziano, Justice)vab**

Dated at Taunton, Massachusetts this 16th day of June, 2005.

Marc J. Santos,
Clerk of the Courts

Telephone: (508) 823-6588

Copies mailed 06/16/2005

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

cvdresult_2.wpd 459617 motden lagejess

#2

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

SUPERIOR COURT DEPARTMENT
C.A. NO: 05 - 641

KERI BEMIS as Trustee of MATTHEWS           :
LANDING HOMEOWNERS TRUST,                   :
PHILLIP ANDERSON, PATRICIA ANDERSON,        :
JOHN C. BEMIS, KERI ANNE BEMIS,             :
SCOTT A. BAILEY, KIMBERLY A. BAILEY,        :
JOHN BOTELHO, KIMBERLY BOTELHO,             :
THOMAS CHAMBERS, SUSAN CHAMBERS,            :
STEVEN COSTA, MARIA COSTA,                  :
VIOLA GRIGAITIS, JAMES HOPKINS,             :
JILL HOPKINS, RICHARD FERRARA,              :
KERRI FERRARA, SCOT JONES,                  :
ANABELA JONES, THOMAS JOHNSON,              :
 LYDIA JOHNSON, STEPHEN J. JOYCE,           :
JUDITH JOYCE, RODNEY LIMA,                  :
MICHELE LIMA, RICHARD MACLAREN,             :
JULIA MACLAREN, MARYANN MCARTHER,           :
WILLIAM MORRISON, PAMELA MORRISON,          :
EUGENE MCLAUGHLIN,                          :
SUSAN MCLAUGHLIN, TERENCE PHALEN,           :
COLLEEN PHALEN, PAUL PINHEIRO,              :
LORI PINHEIRO, MICHAEL BUCKLEY,             :
DIANE BUCKLEY, HENRY ROY, SHELLY ROY,       :
DAVID SARSFIELD, SUSAN SARSFIELD,           :
MARK TURCOTTE, LISA TURCOTTE,               :
RON WEIMERT, KAREN WEIMERT,                 :
JOHN WILSON, MARY ANN WILSON,               :
JAMES WITHERS, NATALIE WITHERS,             :
JAMES POILLUCCI, CHRISTINE LEBREQUE,        :
and DUANE SOUSA,                            :
                                            :
                          PLAINTIFFS        :
VS.                                         :
                                            :
ADESA/IMPACT                                :
                                            :
                          DEFENDANT         :

BRISTOL, SS SUPERIOR COURT

JUN - 9 2005

MARK ... E, ESQ.
CLERK/MAGISTRATE

A True Copy By Photostatic Process
Attest:
                    Asst. Clerk of Courts

1

## COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiffs, Keri Bemis as Trustee of Matthews Landing, Phillip Anderson, Patricia

Anderson, John C. Bemis, Keri Anne Bemis, Scott A. Bailey, Limberly A. Bailey, John Botelho,

Kimberly Botelho, Thomas Chambers, Susan Chambers, Steven Costa, Maria Costa, Viola

Grigaitis, James Hopkins, Jill Hopkins, Richard Ferrara, Kerri Ferrara, Scot Jones, Anabela Jones,

Thomas Johnson, Lydia Johnson, Stephen J. Joyce, Judith Joyce, Rodney Lima, Michele Lima,

Richard Maclaren, Julia Maclaren, Maryann Mcarther, William Morrison, Pamela Morrison,

Eugene Mclaughlin, Susan Mclaughlin, Terence Phalen, Colleen Phalen, Paul Pinheiro, Lori

Pinheiro, Michael Buckley, Diane Buckley, Henry Roy, Shelly Roy, David Sarsfield, Susan

Sarsfield, Mark Turcotte, Lisa Turcotte, Ron Weimert, Karen Weimert, John Wilson, Mary Ann

Wilson, James Withers and Natalie Withers, James Poillucci, Christine Lebreque, and Duane

Sousa, (hereinafter referred to as the "PLAINTIFFS") by their attorneys, BRIAN CUNHA &

ASSOCIATES, P.C., for their complaint against ADESA/IMPACT, (hereinafter referred to as

the "DEFENDANT")

## I. PARTIES

1.    PLAINTIFFS are property owners and residents of the State of Massachusetts, and

currently reside in the Town of Taunton, Massachusetts. Their properties have been

threatened with and/or contaminated with MTBE.

A.    PLAINTIFF, Keri Bemis as Trustee of Matthews Landing Homeowners Trust.

Matthews Landing Homeowners Trust  is a Trust formed and organized under

Chapter 183 of the General Laws of The Commonwealth of Massachusetts located

in Taunton, Massachusetts.  The Beneficiaries of the Trust consists of the twenty-

2

six (26) homes (condominiums) located and named in the Master Deed of
Matthews Landing filed in the Bristol County Registry of Deed Book 5542 and
Page 138, and was formed for their common benefit. The common property of the
Trust consists of roads and other common areas that are commonly owned and
paid for by the Trust. The homeowners are also individual Plaintiffs in this action.

B.   PLAINTIFF, Phillip Anderson, is a resident of the State of Massachusetts, and
currently resides at 7 Grace Circle, East Taunton, Massachusetts 02718.

C.   PLAINTIFF, Patricia Anderson, is a resident of the State of Massachusetts, and
currently resides at 7 Grace Circle, East Taunton, Massachusetts 02718.

D.   PLAINTIFF, John C. Bemis, is a resident of the State of Massachusetts, and
currently resides at 61 Meaghan Circle, East Taunton, Massachusetts 02718.

E.   PLAINTIFF, Keri Anne Bemis, is a resident of the State of Massachusetts, and
currently resides at 61 Meaghan Circle, East Taunton, Massachusetts 02718.

F.   PLAINTIFF, Scott A. Bailey, is a resident of the State of Massachusetts, and
currently resides at 80 Meaghan Circle, East Taunton, Massachusetts 02718.

G.   PLAINTIFF, Kimberly Bailey, is a resident of the State of Massachusetts, and
currently resides at 80 Meaghan Circle, East Taunton, Massachusetts 02718.

H.   PLAINTIFF, John Botelho, is a resident of the State of Massachusetts, and
currently reside at 95 Meaghan Circle, East Taunton, Massachusetts 02718.

I.   PLAINTIFF, Kimberly Botelho, is a resident of the State of Massachusetts, and
currently reside at 95 Meaghan Circle, East Taunton, Massachusetts 02718.

J.   PLAINTIFF, Thomas Chambers, is a resident of the State of Massachusetts, and

3

currently resides at 102 Matthews Drive, East Taunton, Massachusetts 02718.

K.   PLAINTIFF, Susan Chambers, is a resident of the State of Massachusetts, and
     currently resides at 102 Matthews Drive, East Taunton, Massachusetts 02718.

L.   PLAINTIFF, Steven Costa, is a resident of the State of Massachusetts, and
     currently resides at 36 Meaghan Circle, East Taunton, Massachusetts 02718.

M.   PLAINTIFF, Maria Costa, is a resident of the State of Massachusetts, and
     currently resides at 36 Meaghan Circle, East Taunton, Massachusetts 02718.

N.   PLAINTIFF, Viola Grigaitis, is a resident of the State of Massachusetts and
     currently resides at 64 Matthew's Drive, East Taunton, Massachusetts 02718.

O.   PLAINTIFF, James Hopkins, is a resident of the State of Massachusetts, and
     currently resides at 26 Grace Circle, East Taunton, Massachusetts 02718.

P.   PLAINTIFF, Jill Hopkins, is a resident of the State of Massachusetts, and
     currently resides at 26 Grace Circle, East Taunton, Massachusetts 02718.

Q.   PLAINTIFF, Richard Ferrara, is a resident of the State of Massachusetts, and
     currently resides at 90 Matthews Drive, East Taunton, Massachusetts, 02718.

R.   PLAINTIFF, Kerri Ferrara, is a resident of the State of Massachusetts, and
     currently resides at 90 Matthews Drive, East Taunton, Massachusetts, 02718.

S.   PLAINTIFF, Scott Jones, is a resident of the State of Massachusetts, and currently
     resides at 26 Meaghan Circle, East Taunton, Massachusetts, 02718.

T.   PLAINTIFF, Anabela Jones, is a resident of the State of Massachusetts, and
     currently resides at 26 Meaghan Circle, East Taunton, Massachusetts, 02718.

U.   PLAINTIFF, Thomas Johnson, is a resident of the State of Massachusetts, and

4

currently resides at 49 Meaghan Circle, East Taunton, Massachusetts, 02718.

V.    PLAINTIFF, Lydia Johnson, is a resident of the State of Massachusetts, and currently resides at 49 Meaghan Circle, East Taunton, Massachusetts, 02718.

W.    PLAINTIFF, Stephen Joyce, is a resident of the State of Massachusetts, and currently resides at 50 Matthews Drive, East Taunton, Massachusetts, 02718.

X.    PLAINTIFF, Judith Joyce, is a resident of the State of Massachusetts, and currently resides at 50 Matthews Drive, East Taunton, Massachusetts, 02718.

Y.    PLAINTIFF, Rodney Lima, is a resident of the State of Massachusetts, and currently resides at 76 Matthews Drive, East Taunton, Massachusetts, 02718.

Z.    PLAINTIFF, Michele Lima, is a resident of the State of Massachusetts, and currently resides at 76 Matthews Drive, East Taunton, Massachusetts, 02718.

AA.   PLAINTIFF, Richard Maclaren, is a resident of the State of Massachusetts, and currently resides at 85 Matthews Drive, East Taunton, Massachusetts, 02718.

BB.   PLAINTIFF, Julia Maclaren, is a resident of the State of Massachusetts, and currently resides at 85 Matthews Drive, East Taunton, Massachusetts, 02718.

CC.   PLAINTIFF, Maryann Mcarther, is a resident of the State of Massachusetts, and currently resides at 118 Matthews Drive, East Taunton, Massachusetts, 02718.

DD.   PLAINTIFF, William Morrison, is a resident of the State of Massachusetts, and currently resides at 23 Grace Circle, East Taunton, Massachusetts, 02718.

EE.   PLAINTIFF, Pamela Morrison, is a resident of the State of Massachusetts, and currently resides at 23 Grace Circle, East Taunton, Massachusetts, 02718.

FF.   PLAINTIFF, Eugene McLaughlin, is a resident of the State of Massachusetts, and

5

currently resides at 36 Grace Circle, East Taunton, Massachusetts, 02718.

GG.	PLAINTIFF, Susan McLaughlin, is a resident of the State of Massachusetts, and currently resides at 36 Grace Circle, East Taunton, Massachusetts, 02718.

HH.	PLAINTIFF, Terence Phalen, is a resident of the State of Massachusetts, and currently resides at 27 Meaghan Circle, East Taunton, Massachusetts, 02718.

II.	PLAINTIFF, Colleen Phalen, is a resident of the State of Massachusetts, and currently resides at 27 Meaghan Circle, East Taunton, Massachusetts, 02718.

JJ.	PLAINTIFF, Paul Pinheiro, is a resident of the State of Massachusetts, and currently resides at 33 Grace Circle, East Taunton, Massachusetts, 02718.

KK.	PLAINTIFF, Lori Pinheiro, is a resident of the State of Massachusetts, and currently resides at 33 Grace Circle, East Taunton, Massachusetts, 02718.

LL.	PLAINTIFF, Michael Buckley, is a resident of the State of Massachusetts, and currently resides at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.

MM.	PLAINTIFF, Diane Buckley, is a resident of the State of Massachusetts, and currently resides at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.

NN.	PLAINTIFF, Henry Roy, is a resident of the State of Massachusetts, and currently resides at 48 Meaghan Circle, East Taunton, Massachusetts, 02718.

OO.	PLAINTIFF, Shelly Roy, is a resident of the State of Massachusetts, and currently resides at 48 Meaghan Circle, East Taunton, Massachusetts, 02718.

PP.	PLAINTIFF, David Sarsfield, is a resident of the State of Massachusetts, and currently resides at 75 Meaghan Circle, East Taunton, Massachusetts, 02718.

QQ.	PLAINTIFF, Susan Sarsfield, is a resident of the State of Massachusetts, and

6

currently resides at 75 Meaghan Circle, East Taunton, Massachusetts, 02718.

RR.  PLAINTIFF, Mark Turcotte, is a resident of the State of Massachusetts, and
currently resides at 90 Meaghan Circle, East Taunton, Massachusetts, 02718.

SS.  PLAINTIFF, Lisa Turcotte, is a resident of the State of Massachusetts, and
currently resides at 90 Meaghan Circle, East Taunton, Massachusetts, 02718.

TT.  PLAINTIFF, Ron Weimert, is a resident of the State of Massachusetts, and
currently resides at 99 Matthews Drive, East Taunton, Massachusetts, 02718.

UU.  PLAINTIFF, Karen Weimert, is a resident of the State of Massachusetts, and
currently resides at 99 Matthews Drive, East Taunton, Massachusetts, 02718.

VV.  PLAINTIFF, John Wilson, is a resident of the State of Massachusetts, and
currently resides at 62 Meaghan Circle, East Taunton, Massachusetts, 02718.

WW.  PLAINTIFF, Mary Ann Wilson, is a resident of the State of Massachusetts, and
currently resides at 62 Meaghan Circle, East Taunton, Massachusetts, 02718.

XX.  PLAINTIFF, James Withers, is a resident of the State of Massachusetts, and
currently resides at 71 Matthews Drive, East Taunton, Massachusetts, 02718.

YY.  PLAINTIFF, Natalie Withers, is a resident of the State of Massachusetts, and
currently resides at 71 Matthews Drive, East Taunton, Massachusetts, 02718.

ZZ.  PLAINTIFF, James Poillucci, is a resident of the State of Massachusetts, and who
resided at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.

AAA.  PLAINTIFF, Christine LeBreque, is a resident of the State of Massachusetts, and
who resided at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.

BBB.  PLAINTIFF, Duane Sousa, is a resident of the State of Massachusetts, and

7

currently resides at 26 Meaghan Circle, East Taunton, Massachusetts, 02718.

2.    DEFENDANT, ADESA/IMPACT is a duly organized corporation authorized to do business in the State of Massachusetts with a principal place of business located at 580 Myricks Street Taunton, Massachusetts.

3.    When, in this complaint, reference is made to any act of the DEFENDANT, such reference shall be deemed to include the officers, directors, agents, employees, or representatives of the DEFENDANT who committed or authorized such acts, or failed to and omitted to adequately supervise or to properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of the DEFENDANT.

## II. BACKGROUND

4.    PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 3 inclusive.

5.    The property owned by the DEFENDANT ADESA primarily serves as an automotive recovery facility for the temporary secure storage of vehicles and for auctions of such vehicles. The vehicles are received, cataloged and stored mainly to recover salvage value for insurance companies.

6.    The ADESA office building and garage occupies approximately 7500 square feet of the thirty (30) acre ADESA property. One outdoor 1,000 gallon diesel above ground storage tank exists at the facility and is located approximately 300 feet northwest of the office building. A former 200 gallon gasoline above ground storage tank (AST) was located approximately 1,000 feet north of the building and was removed in February 2004. The

8

ADESA property has frontage on Myricks Street and is just North of the Town of Lakeville border. The PLAINTIFFS residential properties, which include portions of Matthews Drive, Meaghan Circle and Grace Circle, are located approximately 200 to 500 feet East of the ADESA property boundary.

7.    On December 5, 2003, the Massachusetts Department of Environmental Protection (MADEP) was made aware of the presence of Methyl Tertiary Butyl Ether (MTBE) contaminating the PLAINTIFFS private drinking water supply wells at their residences adjacent to the ADESA property. MADEP concluded that the likely source of the contamination was from a gasoline spill containing MTBE that had previously occurred on the ADESA property that had migrated to the PLAINTIFFS drinking water wells.

8.    MADEP assigned the ADESA disposal site with case number RTN4-18119.

9.    On December 8, 2003, a notice of responsibility (NOR) letter was sent to ADESA as a result of MTBE being detected in the PLAINTIFFS private drinking water supply wells.

10.   MADEP required that ADESA initiate an immediate response action plan (IRA) to evaluate whether releases occurred at its facility that resulted in the identified contamination of the PLAINTIFFS private drinking water supply wells.

11.   Pursuant to the (IRA) the DEFENDANT retained GeoInsight Inc., 25 Sundial Avenue, Suite 515 West, Manchester, New Hampshire 03103, to conduct an investigation and evaluation of the contamination.

12.   The topography in the area of the previously removed (AST), slopes East to Northeast directly onto the location of the PLAINTIFFS contaminated drinking water supply wells.

9

13.    The groundwater flow in the area also flows from the location of the previously removed
       (AST) in an East to Northeast direction onto the location of the PLAINTIFFS
       contaminated drinking water supply wells.

14.    Soil samples and soil borings located adjacent to the (AST) taken December 9, 2003 and
       December 11, 2003 collected and submitted for laboratory analysis, revealed elevated
       gasoline and concentrations of MTBE ranging from 320 micrograms per kilogram (ug/kg)
       to 2,300 ug/kg, which exceeded the reportable concentration of 300 ug/kg.

15.    In the summer of 2003, the DEFENDANT had a gasoline (AST) leak, which the
       DEFENDANT failed to report to MADEP as required by the code of Massachusetts
       Regulations 310 CMR 40.00 et al.

16.    That it is the PLAINTIFFS' contention that the (AST) leak of gasoline in the Summer of
       2003 and at other sundry times resulted in the contamination of the PLAINTIFFS well
       water supply with the gasoline additive MTBE.

### What is MTBE?

17.    MTBE is a shorthand name for methyl tertiary-butyl ether. MTBE is a manmade organic
       chemical. "Organic," in the chemical world, means it is a carbon-based compound, and
       does not occur in nature without the help of man. Like most synthetic chemicals, oil or
       natural gas serve as the starting point for the chemical synthesis of MTBE.

18.    MTBE is highly flammable and mixes easily with gasoline. Each MTBE molecule contains
       one oxygen atom, which makes MTBE useful in reducing emissions from gasoline pow-
       ered engines. MTBE evaporates easily, is lighter than water, and does not break down

10

easily in nature. MTBE is also far more soluble in water than the other chemicals found in gasoline. It is MTBE's water solubility, and the resistance to natural degradation to less objectionable compounds like ethanol, that make MTBE a serious water pollution threat.

19. MTBE has a putrid, foul and offensive odor and taste that easily contaminates water supplies and is a potential carcinogen.

20. The United States Environmental Protection Agency and Congress have mandated that reducing carbon monoxide and ozone air pollution from gasoline operated automobiles, trucks, and other engine is an important, indeed critical goal. Carbon monoxide is poisonous, and increased levels of carbon monoxide in the air damages the health of at least some persons who live in those areas. Ozone, commonly referred to as "smog," is a highly reactive three atom oxygen compound. Ozone is protective of life when found in the upper reaches of our atmosphere, but damaging to our lungs, and to plant and animal life when at the altitudes where we breathe.

21. As a result of the 1990 Amendments to the Clean Air Act (hereinafter referred to "CAA"), oxygenates are required in two different fuel programs. It established air-quality standards for six major pollutants: carbon monoxide, hydrocarbons, photochemical oxidants, nitrogen oxides, sulfur oxides, and particulate matter. The 1990 Amendments added provisions relating to oxygenated gasoline and RFG.

22. RFG is a special recipe for gasoline, with tighter specifications for the physical properties of the gasoline, and for several components, including an oxygenate. The most widely used oxygenate after 1995 was MTBE.

23. Gasoline containing MTBE, per the (CAA) has been in use in Massachusetts since 1995.

11

The gasoline that leaked from the Defendant's (AST) contained MTBE.

## III NEGLIGENCE

24.    PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the
       allegations contained in Paragraphs 1 through 23 inclusive.

25.    DEFENDANT, ADESA improperly stored gasoline in a 200 gallon (AST) that was
       improperly maintained, serviced, and updated in violation of State and local laws.

26.    That the leaking of the (AST) and the propensity of gasoline containing MTBE to
       contaminate soil and drinking water is so menacing that the DEFENDANT knew or
       should have known that the failure to use proper storage containers, would pose a
       significant threat to PLAINTIFFS' property.

27.    Despite DEFENDANT'S past and current knowledge of MTBE' harmful characteristics,
       DEFENDANT placed, gasoline in an (AST) in violation of State and local regulations.

28.    Gasoline containing MTBE should not have been distributed and/or stored on
       DEFENDANT'S property without proper education and without warning of the
       propensity to contaminate the soil and drinking well water. Moreover, DEFENDANT
       should have properly educated and warned the governmental agencies including
       MADEP, and private property owners and the public (including PLAINTIFFS) of the
       release of gasoline in the summer of 2003 and other sundry times and failed to do so in
       violation of Massachusetts MADEP regulations.

29.    Prior to storing and dispensing gasoline containing MTBE, DEFENDANT knew or
       should have known that in the event that said MTBE was released into soil and
       groundwater, it would not be biodegradable or bioremediated.

12

30.    DEFENDANT owed PLAINTIFFS a duty of due care which could be satisfied by safe and proper use, management, and storage, of its petroleum related products.

31.    DEFENDANT had a specific duty to prevent the discharge or release of such substances which might harm the persons, property or economic interests of PLAINTIFFS.

32.    DEFENDANT also had a specific duty to warn or notify PLAINTIFFS of the potential hazards of exposure to toxic and hazardous substances and to warn or notify PLAINTIFFS and MADEP that discharges or releases of these substances had occurred, were likely to occur in the future and threatened PLAINTIFFS.

33.    DEFENDANT breached these duties by their negligent, and reckless management, storage, and use of its gasoline.

34.    DEFENDANT'S reckless, negligent, and illegal conduct resulted in the actual dangerous releases of hazardous and toxic substances into the PLAINTIFFS' properties.  These actual and continued releases and discharges have subjected PLAINTIFFS to unreasonable risk of harm, threat of future harm, and to actual injuries to their properties, economic interests and persons.

35.    DEFENDANT also failed to warn PLAINTIFFS and MADEP of the actual and threatened releases of such substances and of the reasonably foreseeable effects of such releases, an omission that was reckless, grossly negligent, and/or negligent.

36.    DEFENDANT failed to and continues to fail to act to prevent its releases from harming PLAINTIFFS.

37.    DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS

13

causing both actual present harm to PLAINTIFFS' properties and economic interests and
creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and
interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to
recover damages for such injuries and anticipated additional costs for their damages.

38.   All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS'
      injuries, however, are as yet undeterminable in magnitude. The amount of damage for
      the injuries will be established at trial.

## NEGLIGENCE

## DUTY TO PREVENT AND TO WARN

## IV. DUTY TO PREVENT

39.   PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the
      allegations contained in Paragraphs 1 through 38 inclusive.

40.   DEFENDANT failed to take appropriate precautions to protect PLAINTIFFS' soil and
      well water supply, from being threatened and/or contaminated with MTBE. In failing to
      take adequate steps to prevent soil and well water contamination, DEFENDANT also
      breached its duty to protect PLAINTIFFS' exposure to contaminated soil and well water.

41.   DEFENDANT further negligently breached its duty to prevent MTBE from being
      discharged and released from storage tanks, barrels, and pipe lines into the soil and well
      water.

42.   DEFENDANT, after a substantial amount of MTBE was placed into the soil and well
      water, failed to prevent the threat of continued migration of said byproducts into the soil
      and well water by failing to report the leak to the MADEP, which continues to threaten

14

PLAINTIFFS' properties.

43.   DEFENDANT knew, or should have known, that the MTBE contaminated soil and well water that may poison PLAINTIFFS' infrastructure and water supply for many years.

44.   DEFENDANT was in a position to stop this threat and/or contamination from spreading and yet did nothing.

## V. DUTY TO WARN

45.   PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 44 inclusive.

46.   DEFENDANT failed in its duty to warn public agencies and private property owners of MTBE's byproducts' propensity to contaminate PLAINTIFFS' properties. Moreover, DEFENDANT failed to warn PLAINTIFFS and the Town of Taunton and MADEP that, as a result of having MTBE placed into the soil, their property and well water was in danger of being contaminated.

47.   PLAINTIFFS' injuries were a foreseeable result of DEFENDANT'S placement of MTBE into the soil.

48.   As a direct and proximate result of DEFENDANT'S negligent breach of its duties, as outlined above, PLAINTIFFS have suffered extensive damages in an amount to be proven at the time of trial.

49.   DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS causing both actual present harm to PLAINTIFFS' properties and economic interests and creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to

15

recover damages for such injuries and anticipated additional costs for their damages.

## VI. DUTY TO REMEDIATE

50. PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 49 inclusive.

51. DEFENDANT placed MTBE into the soil without warning governmental authorities, private properties owners, or PLAINTIFFS, of MTBE's dangers.

52. Once DEFENDANT knew that contamination was being discharged into the soil in the Town of Taunton, they did nothing to prevent the contamination from spreading into PLAINTIFFS' properties.

53. Moreover, DEFENDANT knew or should have known that PLAINTIFFS was defenseless to protect themselves because they did not have knowledge of MTBE's negative impact on well water.

54. Also, once it became known that PLAINTIFFS' soil was contaminated, DEFENDANT should have warned PLAINTIFFS of the problem and immediately remediated the contamination that its business activities had caused.

55. Once the contamination became known, DEFENDANT failed to control the contamination from expanding into PLAINTIFFS' and the surrounding community's soil.

56. Once the contamination became known, DEFENDANT failed to remediate the contamination. DEFENDANT has left PLAINTIFFS and the community to remediate the contamination knowing that PLAINTIFFS did not have the expertise or the resources to properly remediate the contamination that DEFENDANT created.

57. As a direct and proximate result of DEFENDANT'S breach of its duties, as outlined

16

above, PLAINTIFFS have suffered extensive damages in an amount to be proven at trial.

58.    Moreover, DEFENDANT willfully and intentionally breached its duty of care and acted with conscious disregard of PLAINTIFFS' safety.

59.    DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS causing both actual present harm to PLAINTIFFS' properties and economic interests and creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries and anticipated additional costs for their damages.

## VII. ABNORMALLY DANGEROUS ACTIVITY ABSOLUTE OR STRICT LIABILITY

60.    PLAINTIFF realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 59, inclusive.

61.    The MTBE released by DEFENDANT is toxic and hazardous and capable of causing severe personal injuries to persons coming into contact with it and, as such, is an ultra-hazardous material and abnormally dangerous.

62.    The use and storage of gasoline with MTBE is an ultra-hazardous and abnormally dangerous activity, subjecting persons coming into contact with MTBE to a severe risk of harm, regardless of the degree of caution which DEFENDANT might have exercised. The risk of such an activity was not and is not outweighed by any value associated with its use to the community.

63.    In addition, with full knowledge of the environmental and health hazards associated with the disposal and release of MTBE, DEFENDANT negligently allowed the disposal of said toxic MTBE in the vicinity and eventually on the PLAINTIFFS' property.

17

64.    Although PLAINTIFFS maintain that DEFENDANT'S activities were abnormally
       dangerous per se, the location of such activities in a well-populated area such as a
       residential area in the Town of Taunton would independently have rendered them
       abnormally dangerous.

65.    As a direct and proximate result of DEFENDANT'S use and storage of natural gasoline
       containing MTBE, contaminants were released into the environment, thereby injuring
       PLAINTIFFS, which include actual present harm to their property and economic
       interests, and potential future harm to PLAINTIFFS due to the threat of future
       contamination, as well as inconvenience and interference with the use and enjoyment of
       their property. These injuries constitute the type and harm which made the activities
       abnormally dangerous.

66.    By reason of the foregoing, DEFENDANT is strictly liable in tort for the damages
       sustained by PLAINTIFFS.

67.    All injuries and damages to PLAINTIFFS are substantial; however, many of the injuries
       to PLAINTIFFS are as yet undetermined in magnitude. The amount of damage for some
       of PLAINTIFFS' injuries will be established at trial.

## VIII.  PRIVATE NUISANCE

68.    PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs
       1 through 67, inclusive.

69.    At all times material hereto, PLAINTIFFS were in lawful possession of their land.

70.    DEFENDANT'S use, possession and storage of gasoline containing MTBE has resulted in

18

an intrusion and the continued intrusion upon PLAINTIFFS' properties, significantly and negatively impacting upon PLAINTIFFS' right to use and enjoy their property.

71.    Specifically, DEFENDANT'S unreasonable emission, disposal and release of MTBE into PLAINTIFFS' soil, was substantially offensive, discomforting and annoying to persons of ordinary sensibilities, tastes, and habits.

72.    DEFENDANT'S interference with PLAINTIFFS' rights were so unusual and excessive that it necessarily caused injury, damage, harm and inconvenience to PLAINTIFFS, and it substantially, materially and unusually interfered with their comfort, and with the proper use and enjoyment of their properties.

73.    PLAINTIFFS' specific damages include, but are not limited to, remediation costs attributable to the presence of contaminants on her property.  Such invasion of PLAINTIFFS' rights were unreasonable.

74.    DEFENDANT'S use, possession and storage of MTBE has resulted in an entry and intrusion, and the continued entry and intrusion onto the property of PLAINTIFFS without privilege, permission, invitation or justification.

75.    DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries, including actual or increased harm to their property and economic interests and injuries to their persons, as well as inconvenience and interference with the use and enjoyment of their properties.  PLAINTIFFS are entitled to recover damages for such injuries.

76.    All injuries and damages to PLAINTIFFS are substantial.  Many of PLAINTIFFS' injuries, however, are as yet undetermined in magnitude.  The amount of damages for some of the injuries will be established at trial.

19

## IX. TRESPASS

77. PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 76, inclusive.

78. PLAINTIFFS were at all relevant times in possession of land they owned and/or occupied.

79. Upon information and belief, DEFENDANT knew its intentional discharge of contaminants had migrated onto PLAINTIFFS' properties.

80. Upon information and belief, despite DEFENDANT'S knowledge of the harm caused by the placement of MTBE in the soil, DEFENDANT intentionally persisted in its conduct and continued to discharge said contaminants.

81. Upon information and belief, the discharge which DEFENDANT knew or should have known migrated onto PLAINTIFFS' soil and property, constitutes a trespass.

82. Upon information and belief, PLAINTIFFS' real property, continues to be threatened, exposed to and/or contaminated by hazardous chemicals and materials originating at DEFENDANT'S facility.

83. DEFENDANT'S use, possession and storage of MTBE has resulted in an entry and intrusion onto PLAINTIFFS' property without privilege, permission, invitation or justification.

84. DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries, including actual physical harm to property and economic interests and an increased risk of future harm to her person, as well as inconvenience and interference with the use and enjoyment of her property. PLAINTIFFS are entitled to recover damages for such injuries.

20

85.    All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS'
       injuries, however, are as yet undetermined in magnitude. The amount of damages for
       such injuries will be established at trial.

## X. PUBLIC NUISANCE .

86.    PLAINTIFFS reallege and incorporates by reference as if fully set forth herein Paragraphs
       1 through 85, inclusive.

87.    DEFENDANT has manufactured and disposed of its product in a manner that has
       unreasonably endangered or injured the property, health, safety and comfort of
       PLAINTIFFS and other town residents, causing inconvenience and annoyance.

88.    Actual MTBE contamination caused by DEFENDANT'S conduct has caused injury to
       PLAINTIFFS in the form of present serious interference with the use, benefit and/or
       enjoyment of her property, in a way that an ordinary reasonable person would define as
       substantial inconvenience, annoyance, and injury.

89.    DEFENDANT has violated and/or threatened to violate PLAINTIFFS' right to
       contaminate free well water.

90.    As a direct and proximate result of DEFENDANT'S acts and omissions creating the
       above-described nuisance, PLAINTIFFS have suffered special injuries to their properties,
       including but not limited to, the threat and/or actual contamination by MTBE, reduction
       of their property values and the costs associated with removing said contamination.

## XI. PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFFS demand judgment in their favor against DEFENDANT:

    a.    A declaration by the Court that DEFENDANT has been and continues to be in violation of the above legal duties;

    b.    Awarding PLAINTIFFS compensatory damages;

    c.    Awarding PLAINTIFFS the costs of this lawsuit, including but not limited to, attorneys' fees and expert costs as authorized by statute and the applicable rules of this Court;

    d.    Enjoining DEFENDANT from allowing the continued placement and migration of MTBE onto PLAINTIFFS' soil and property;

    e.    Requiring DEFENDANT to pay all future costs incurred by PLAINTIFFS for the costs associated with obtaining alternative housing or well water remediation;

    f.    Requiring DEFENDANT to pay all of PLAINTIFFS' costs associated with the diminished property values as a result of the contamination including the repair of the street and surrounding property;

    g.    Preliminary and permanent injunctions to pay money into a fund sufficient to clean and remediate the contamination that DEFENDANT caused to be discharged into PLAINTIFFS' soil and well water;

    h.    An Order mandating that DEFENDANT and its successors and assigns, to take every action necessary to assure that all relief requested herein is obtained and fully funded;

i.      Awarding PLAINTIFFS sufficient sums to compensate them for past,

        present and future pain and suffering, lost wages and reasonable medical

        expenses, including but not limited to, medical monitoring;

j.      Awarding PLAINTIFFS such other, further, and different relief as the

        Court may deem appropriate and just; and

k.      Trial by Jury.


Plaintiffs
By their Attorneys,
BRIAN CUNHA & ASSOCIATES, P.C.


Brian R. Cunha, Esquire    #108560
311 Pine Street
Fall River, MA 02720
Telephone:    (508) 675-9500
Fax:    (508)679-6360

23

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                          SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

[SEAL]                                No. 2005-00641

KERI BEMIS as Trustee of Matthews Landing et al
_____ , Plaintiff(s)

v.

ADESA/IMPACT
_____ , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
    PLEASE INDICATE TYPE OF ACTION INVOLVED : X
    TORT — MOTOR VEHICLE TORT — CONTRACT —
    EQUITABLE RELIEF — OTHER.)

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANT: Adesa/Impact, 580 Myricks Street, Taunton, MA

You are hereby summoned and required to serve upon Brian R. Cunha

plaintiff's attorney, whose address is ...311 Pine Street, Fall River, MA 02720....;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ...Taunton.......... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the.....14th.....................day of...June...................., in the year of our Lord two thousand and .....05.........................

*Magistrate*

NOTES.

1.   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.   When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.   If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

2SC 24

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County BRISTOL |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| KERI BEMIS, as Trustee of MATTHEWS LANDING HOMEOWNERS TRUST, et al | ADESA/IMPACT |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Brian R. Cunha, Esquire 311 Pine Street, Fall River, MA 02720 Board of Bar Overseers number: 108560 | |

## Origin code and track designation

Place an x in one box only:

[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)    TRACK        IS THIS A JURY CASE?

__B21__        Environmental         ( A )        ( x ) Yes        ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
(Attach additional sheets as necessary)

A.   Documented medical expenses to date:
   1.   Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
   2.   Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
   3.   Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
   4.   Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
   5.   Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
                                                  Subtotal $. . . . . . . . . . . .
B.   Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
C.   Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3,000,000.00
D.   Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
E.   Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
F.   Other documented items of damages (describe) inconvenience and loss of uuse
                                                     $2,000,000.00

G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)

Defendant's above ground storage tank leaked gasoline containing MTBE, causing MTBE to mix with groundwater which flowed from the Defendant's property into the Plaintiffs' drinking well water. Plaintiff has suffered inconvenience, interference with the use of their property and loss of property value.

$. . . . . . . . . . . . . . .
**TOTAL $5,000,000.00**

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $. . . . . . . . . . . .**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____        DATE: 6/8/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

#4

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                          SUPERIOR COURT
                                                TRIAL COURT DEPARTMENT

|  |  |
|---|---|
| KERI BEMIS AS TRUSTEE OF MATTHEWS LANDING, et al. | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ADESA IMPACT., | ) ) |
| Defendant. | ) |

BRISTOL, SS SUPERIOR COURT
Civil Action No. 05-0641

**JUL 1 4 2005**

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that a Notice of Removal of this action from the Superior

Court for Bristol County, Commonwealth of Massachusetts, to the United States District Court

for the District of Massachusetts (a copy of which is attached) was filed on July 14, 2005, with

the Clerk of Court for the United States District Court for the District of Massachusetts, pursuant

to the provisions of 28 U.S.C. § 1441.

Respectfully Submitted,

Adesa Impact,

By its attorneys,

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

Paul B. Galvani (BBO# 183800)
Gabriel D. O'Malley (BBO# 651432)
ROPES & GRAY LLP
1 International Place
Boston, MA 02110
Telephone:(617) 951-7656
Fax:(617) 951-7050

Dated: July /4, 2005

9771219_1.DOC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on this _14_ day of

July, 2005 by first class mail, upon the following counsel of record:

Brian Cunha, Esq.
Law Offices of Brian Cunha and Associates
311 Pine Street
Fall River, Massachusetts 02720

Gabriel D. O'Malley

7/14



ROPES & GRAY LLP

ROPES & GRAY LLP
ONE INTERNATIONAL PLACE    BOSTON, MA 02110-2624    617-951-7000    F 617-951-7050
BOSTON    NEW YORK    SAN FRANCISCO    WASHINGTON, DC

July 14, 2005

Gabriel D. O'Malley
(617) 951-7656
gabriel.o'malley@ropesgray.com

**Via Courier**



BRISTOL, SS SUPERIOR COURT
FILED

JUL 1 4 2005

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

Clerk
Bristol Superior Court
9 Court St.
Room 13
Taunton, MA 02780

Re:    *Keri Bemis, as Trustee of Matthews Landing, et al. v. Adesa Impact,*
       *Civil Action No. 05-0641*

Dear Sir / Madam:

I enclose the following documents in reference to the above-captioned action:

- Notice of Filing of Notice of Removal; and
- A copy of the Notice of Removal, as filed with the United States District Court for the District of Massachusetts.

Please time- and date-stamp the enclosed copies for our records.

9771598_1

ROPES & GRAY LLP

Civil Clerk's Office

July 14, 2005

Please do not hesitate to contact me if you have any questions with regard to this filing. Thank you for your attention to this matter.

Very truly yours,

Gabriel D. O'Malley

Enclosures

cc:     Paul B. Galvani

9771598_1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERI BEMIS AS TRUSTEE OF
MATTHEWS LANDING, et al.

Plaintiffs,

v.

ADESA IMPACT,

Defendant.

1493 MW

Civil Action No.

*I certify on [illegible] that the foregoing document is a true and correct copy of the electronic docket in the captioned case [illegible] electronically filed original filed on [illegible] or original filed in my office on [illegible]*

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By [illegible]
Deputy Clerk

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b) and 1446, and 28 U.S.C. §1332, Defendant hereby

removes to this Court the above-captioned civil action now pending in the Bristol County

Superior Court of the Commonwealth of Massachusetts (entitled, *Keri Bemis as Trustee of*

*Matthews Landing, et al. v. ADESA/IMPACT*, Civil Action No. 2005-00641). As grounds for

removal, Defendant states:

## STATEMENT OF GROUNDS FOR REMOVAL



A True Copy By Photostatic Process
Attest:
Asst. Clerk of Courts

1.  On or about June 8, 2005, Plaintiffs commenced this action against Defendant Adesa

    Impact by filing a complaint in the Superior Court Department of the Trial Court for

    Bristol County, entitled *Keri Bemis as Trustee of Matthews Landing, et al. v.*

    *ADESA/IMPACT*, Civil Action No. 2005-00641 (the "Complaint").

2.  A copy of the Complaint was served on Defendant Adesa Impact on June 28, 2005.

3.  Defendant Adesa Impact is a corporation under the laws of the State of Indiana, with

    its principal place of business at 1308 Hamilton Crossing Blvd., Carmel, Indiana.

Case 1:05-cv-11493-MLW   Document 4-3   Filed 07/21/2005   Page 6 of 9

4.   The Complaint states that Plaintiffs reside in the Commonwealth of Massachusetts.

5.   The damages alleged in the Complaint exceed \$75,000 per plaintiff, exclusive of interest and costs.

6.   This court has diversity jurisdiction over the above-described action under the provisions of 28 U.S.C. § 1332, and the action is properly removable pursuant to 28 U.S.C. § 1441.

7.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant Adesa Impact are attached hereto at Tab 1.  Defendant Adesa Impact does not waive any defenses available to it by removing this action to federal court.

Wherefore, Defendant Adesa Impact hereby removes the above-captioned action pending in the Superior Court Department of the Trial Court of Massachusetts for Bristol County therefrom to this Court.

Respectfully Submitted,

Adesa Impact

By its attorneys,

Paul B. Galvani (BBO# 183800 )
Gabriel D. O'Malley (BBO# 651432)
ROPES & GRAY LLP
1 International Place
Boston, MA 02110
Telephone:(617) 951-7656
Fax:(617) 951-7050

Dated: July /7, 2005

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this __ day of

July, 2005 by first class mail, upon the following counsel of record:

Brian Cunha, Esq.
Law Offices of Brian Cunha and Associates
311 Pine Street
Fall River, Massachusetts 02720

Gabriel D. O'Malley

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERI BEMIS AS TRUSTEE OF
MATTHEWS LANDING, et al.

     Plaintiffs,

     v.

ADESA IMPACT,

     Defendant.

05 - 11493MLW

Civil Action No. _____

## **RULE 7.1 STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate

Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for

Adesa Impact certifies that Adesa Impact's parent corporation is Adesa, Inc., a publicly traded

company that is the sole shareholder of Adesa Impact.

Respectfully Submitted,

A True Copy By Photostatic Process
Attest:

    Asst. Clerk of Courts

Dated: July / / 2005

Adesa Impact,

By its attorneys,

*Paul B. Galvani*

Paul B. Galvani (BBO# 183800)
Gabriel D. O'Malley (BBO# 651432)
ROPES & GRAY LLP
1 International Place
Boston, MA 02110
Telephone:(617) 951-7656
Fax:(617) 951-7050

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this __ day of

July, 2005 by first class mail, upon the following counsel of record:

Brian Cunha, Esq.
Law Offices of Brian Cunha and Associates
311 Pine Street
Fall River, Massachusetts 02720

Gabriel D. O'Malley