UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KERI BEMIS as Trustee of MATTHEWS | : | C.A. NO: 05-11493 |
| LANDING HOMEOWNERS TRUST, | : | |
| PHILLIP ANDERSON, PATRICIA ANDERSON, | : | |
| JOHN C. BEMIS, KERI ANNE BEMIS, | : | |
| SCOTT A. BAILEY, KIMBERLY A. BAILEY, | : | |
| JOHN BOTELHO, KIMBERLY BOTELHO, | : | |
| THOMAS CHAMBERS, SUSAN CHAMBERS, | : | |
| STEVEN COSTA, MARIA COSTA, | : | |
| VIOLA GRIGAITIS, JAMES HOPKINS, | : | |
| JILL HOPKINS, RICHARD FERRARA, | : | |
| KERRI FERRARA, SCOT JONES, | : | |
| ANABELA JONES, THOMAS JOHNSON, | : | |
| LYDIA JOHNSON, STEPHEN J. JOYCE, | : | |
| JUDITH JOYCE, RODNEY LIMA, | : | |
| MICHELE LIMA, RICHARD MACLAREN, | : | |
| JULIA MACLAREN, MARYANN MCARTHER, | : | |
| WILLIAM MORRISON, PAMELA MORRISON, | : | |
| EUGENE MCLAUGHLIN, | : | |
| SUSAN MCLAUGHLIN, TERENCE PHALEN, | : | |
| COLLEEN PHALEN, PAUL PINHEIRO, | : | |
| LORI PINHEIRO, MICHAEL BUCKLEY, | : | |
| DIANE BUCKLEY, HENRY ROY, SHELLY ROY, | : | |
| DAVID SARSFIELD, SUSAN SARSFIELD, | : | |
| MARK TURCOTTE, LISA TURCOTTE, | : | |
| RON WEIMERT, KAREN WEIMERT, | : | |
| JOHN WILSON, MARY ANN WILSON, | : | |
| JAMES WITHERS, NATALIE WITHERS, | : | |
| JAMES POILLUCCI and | : | |
| CHRISTINE LEBREQUE, | : | |
| PLAINTIFFS | : | |
| VS. | : | |
| | : | |
| ADESA/IMPACT | : | |
| DEFENDANT | : | |

## AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiffs, Keri Bemis as Trustee of Matthews Landing, Phillip Anderson, Patricia

Anderson, John C. Bemis, Keri Anne Bemis, Scott A. Bailey, Limberly A. Bailey, John Botelho,

1

Kimberly Botelho, Thomas Chambers, Susan Chambers, Steven Costa, Maria Costa, Viola

Grigaitis, James Hopkins, Jill Hopkins, Richard Ferrara, Kerri Ferrara, Scot Jones, Anabela Jones,

Thomas Johnson, Lydia Johnson, Stephen J. Joyce, Judith Joyce, Rodney Lima, Michele Lima,

Richard Maclaren, Julia Maclaren, Maryann Mcarther, William Morrison, Pamela Morrison,

Eugene Mclaughlin, Susan Mclaughlin, Terence Phalen, Colleen Phalen, Paul Pinheiro, Lori

Pinheiro, Michael Buckley, Diane Buckley, Henry Roy, Shelly Roy, David Sarsfield, Susan

Sarsfield, Mark Turcotte, Lisa Turcotte, Ron Weimert, Karen Weimert, John Wilson, Mary Ann

Wilson, James Withers and Natalie Withers, James Poillucci, and Christine Lebreque ,

(hereinafter referred to as the "PLAINTIFFS") by their attorneys, BRIAN CUNHA &

ASSOCIATES, P.C., for their complaint against ADESA/IMPACT, (hereinafter referred to as

the "DEFENDANT")

## I. PARTIES

1.      PLAINTIFFS are property owners and residents of the State of Massachusetts, and

currently reside in the Town of Taunton, Massachusetts. Their properties have been

threatened with and/or contaminated with MTBE.

A.      PLAINTIFF, Keri Bemis as Trustee of Matthews Landing Homeowners Trust.

Matthews Landing Homeowners Trust is a Trust formed and organized under

Chapter 183 of the General Laws of The Commonwealth of Massachusetts

located in Taunton, Massachusetts. The Beneficiaries of the Trust consists of the

twenty-six (26) homes (condominiums) located and named in the Master Deed of

Matthews Landing filed in the Bristol County Registry of Deed Book 5542 and

Page 138, and was formed for their common benefit. The common property of

the Trust consists of roads and other common areas that are commonly owned and paid for by the Trust. The homeowners are also individual Plaintiffs in this action.

B.    PLAINTIFF, Phillip Anderson, is a resident of the State of Massachusetts, and currently resides at 7 Grace Circle, East Taunton, Massachusetts 02718.

C.    PLAINTIFF, Patricia Anderson, is a resident of the State of Massachusetts, and currently resides at 7 Grace Circle, East Taunton, Massachusetts 02718.

D.    PLAINTIFF, John C. Bemis, is a resident of the State of Massachusetts, and currently resides at 61 Meaghan Circle, East Taunton, Massachusetts 02718.

E.    PLAINTIFF, Keri Anne Bemis, is a resident of the State of Massachusetts, and currently resides at 61 Meaghan Circle, East Taunton, Massachusetts 02718.

F.    PLAINTIFF, Scott A. Bailey, is a resident of the State of Massachusetts, and currently resides at 80 Meaghan Circle, East Taunton, Massachusetts 02718.

G.    PLAINTIFF, Kimberly Bailey, is a resident of the State of Massachusetts, and currently resides at 80 Meaghan Circle, East Taunton, Massachusetts 02718.

H.    PLAINTIFF, John Botelho, is a resident of the State of Massachusetts, and currently reside at 95 Meaghan Circle, East Taunton, Massachusetts 02718.

I.    PLAINTIFF, Kimberly Botelho, is a resident of the State of Massachusetts, and currently reside at 95 Meaghan Circle, East Taunton, Massachusetts 02718.

J.    PLAINTIFF, Thomas Chambers, is a resident of the State of Massachusetts, and currently resides at 102 Matthews Drive, East Taunton, Massachusetts 02718.

K.    PLAINTIFF, Susan Chambers, is a resident of the State of Massachusetts, and

currently resides at 102 Matthews Drive, East Taunton, Massachusetts 02718.

L.    PLAINTIFF, Steven Costa, is a resident of the State of Massachusetts, and currently resides at 36 Meaghan Circle, East Taunton, Massachusetts 02718.

M.    PLAINTIFF, Maria Costa, is a resident of the State of Massachusetts, and currently resides at 36 Meaghan Circle, East Taunton, Massachusetts 02718.

N.    PLAINTIFF, Viola Grigaitis, is a resident of the State of Massachusetts and currently resides at 64 Matthew's Drive, East Taunton, Massachusetts 02718.

O.    PLAINTIFF, James Hopkins, is a resident of the State of Massachusetts, and currently resides at 26 Grace Circle, East Taunton, Massachusetts 02718.

P.    PLAINTIFF, Jill Hopkins, is a resident of the State of Massachusetts, and currently resides at 26 Grace Circle, East Taunton, Massachusetts 02718.

Q.    PLAINTIFF, Richard Ferrara, is a resident of the State of Massachusetts, and currently resides at 90 Matthews Drive, East Taunton, Massachusetts, 02718.

R.    PLAINTIFF, Kerri Ferrara, is a resident of the State of Massachusetts, and currently resides at 90 Matthews Drive, East Taunton, Massachusetts, 02718.

S.    PLAINTIFF, Scott Jones, is a resident of the State of Massachusetts, and currently resides at 26 Meaghan Circle, East Taunton, Massachusetts, 02718.

T.    PLAINTIFF, Anabela Jones, is a resident of the State of Massachusetts, and currently resides at 26 Meaghan Circle, East Taunton, Massachusetts, 02718.

U.    PLAINTIFF, Thomas Johnson, is a resident of the State of Massachusetts, and currently resides at 49 Meaghan Circle, East Taunton, Massachusetts, 02718.

V.    PLAINTIFF, Lydia Johnson, is a resident of the State of Massachusetts, and

currently resides at 49 Meaghan Circle, East Taunton, Massachusetts, 02718.

W.    PLAINTIFF, Stephen Joyce, is a resident of the State of Massachusetts, and

currently resides at 50 Matthews Drive, East Taunton, Massachusetts, 02718.

X.    PLAINTIFF, Judith Joyce, is a resident of the State of Massachusetts, and

currently resides at 50 Matthews Drive, East Taunton, Massachusetts, 02718.

Y.    PLAINTIFF, Rodney Lima, is a resident of the State of Massachusetts, and

currently resides at 76 Matthews Drive, East Taunton, Massachusetts, 02718.

Z.    PLAINTIFF, Michele Lima, is a resident of the State of Massachusetts, and

currently resides at 76 Matthews Drive, East Taunton, Massachusetts, 02718.

AA.   PLAINTIFF, Richard Maclaren, is a resident of the State of Massachusetts, and

currently resides at 85 Matthews Drive, East Taunton, Massachusetts, 02718.

BB.   PLAINTIFF, Julia Maclaren, is a resident of the State of Massachusetts, and

currently resides at 85 Matthews Drive, East Taunton, Massachusetts, 02718.

CC.   PLAINTIFF, Maryann Mcarther, is a resident of the State of Massachusetts, and

currently resides at 118 Matthews Drive, East Taunton, Massachusetts, 02718.

DD.   PLAINTIFF, William Morrison, is a resident of the State of Massachusetts, and

currently resides at 23 Grace Circle, East Taunton, Massachusetts, 02718.

EE.   PLAINTIFF, Pamela Morrison, is a resident of the State of Massachusetts, and

currently resides at 23 Grace Circle, East Taunton, Massachusetts, 02718.

FF.    PLAINTIFF, Eugene McLaughlin, is a resident of the State of Massachusetts, and

currently resides at 36 Grace Circle, East Taunton, Massachusetts, 02718.

GG.   PLAINTIFF, Susan McLaughlin, is a resident of the State of Massachusetts, and

5

currently resides at 36 Grace Circle, East Taunton, Massachusetts, 02718.

HH.   PLAINTIFF, Terence Phalen, is a resident of the State of Massachusetts, and

currently resides at 27 Meaghan Circle, East Taunton, Massachusetts, 02718.

II.   PLAINTIFF, Colleen Phalen, is a resident of the State of Massachusetts, and

currently resides at 27 Meaghan Circle, East Taunton, Massachusetts, 02718.

JJ.   PLAINTIFF, Paul Pinheiro, is a resident of the State of Massachusetts, and

currently resides at 33 Grace Circle, East Taunton, Massachusetts, 02718.

KK.   PLAINTIFF, Lori Pinheiro, is a resident of the State of Massachusetts, and

currently resides at 33 Grace Circle, East Taunton, Massachusetts, 02718.

LL.   PLAINTIFF, Michael Buckley, is a resident of the State of Massachusetts, and

currently resides at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.

MM.   PLAINTIFF, Diane Buckley, is a resident of the State of Massachusetts, and

currently resides at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.

NN.   PLAINTIFF, Henry Roy, is a resident of the State of Massachusetts, and currently

resides at 48 Meaghan Circle, East Taunton, Massachusetts, 02718.

OO.   PLAINTIFF, Shelly Roy, is a resident of the State of Massachusetts, and currently

resides at 48 Meaghan Circle, East Taunton, Massachusetts, 02718.

PP.   PLAINTIFF, David Sarsfield, is a resident of the State of Massachusetts, and

currently resides at 75 Meaghan Circle, East Taunton, Massachusetts, 02718.

QQ.   PLAINTIFF, Susan Sarsfield, is a resident of the State of Massachusetts, and

currently resides at 75 Meaghan Circle, East Taunton, Massachusetts, 02718.

RR.   PLAINTIFF, Mark Turcotte, is a resident of the State of Massachusetts, and

currently resides at 90 Meaghan Circle, East Taunton, Massachusetts, 02718.

SS.  PLAINTIFF, Lisa Turcotte, is a resident of the State of Massachusetts, and currently resides at 90 Meaghan Circle, East Taunton, Massachusetts, 02718.

TT.  PLAINTIFF, Ron Weimert, is a resident of the State of Massachusetts, and currently resides at 99 Matthews Drive, East Taunton, Massachusetts, 02718.

UU.  PLAINTIFF, Karen Weimert, is a resident of the State of Massachusetts, and currently resides at 99 Matthews Drive, East Taunton, Massachusetts, 02718.

VV.  PLAINTIFF, John Wilson, is a resident of the State of Massachusetts, and currently resides at 62 Meaghan Circle, East Taunton, Massachusetts, 02718.

WW.  PLAINTIFF, Mary Ann Wilson, is a resident of the State of Massachusetts, and currently resides at 62 Meaghan Circle, East Taunton, Massachusetts, 02718.

XX.  PLAINTIFF, James Withers, is a resident of the State of Massachusetts, and currently resides at 71 Matthews Drive, East Taunton, Massachusetts, 02718.

YY.  PLAINTIFF, Natalie Withers, is a resident of the State of Massachusetts, and currently resides at 71 Matthews Drive, East Taunton, Massachusetts, 02718.

ZZ.  PLAINTIFF, James Poillucci, is a resident of the State of Massachusetts, and who resided at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.

AAA.  PLAINTIFF, Christine LeBreque, is a resident of the State of Massachusetts, and who resided at 85 Meaghan Circle, East Taunton, Massachusetts, 02718.


2.  DEFENDANT, ADESA/IMPACT is a duly organized corporation authorized to do business in the State of Massachusetts with a principal place of business located at 580

Myricks Street Taunton, Massachusetts.

3.  When, in this complaint, reference is made to any act of the DEFENDANT, such

reference shall be deemed to include the officers, directors, agents, employees, or

representatives of the DEFENDANT who committed or authorized such acts, or failed to

and omitted to adequately supervise or to properly control or direct their employees while

engaged in the management, direction, operation, or control of the affairs of the

DEFENDANT.

## II. BACKGROUND

4.  PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the

allegations contained in Paragraphs 1 through 3  inclusive.

5.  The property owned by the DEFENDANT ADESA primarily serves as an automotive

recovery facility for the temporary secure storage of vehicles and for auctions of such

vehicles.  The vehicles are received, cataloged and stored mainly to recover salvage value

for insurance companies.

6.  The ADESA office building and garage occupies approximately 7500 square feet of the

thirty (30) acre ADESA property.  One outdoor 1,000 gallon diesel above ground storage

tank exists at the facility and is located approximately 300 feet northwest of the office

building.  A former 200 gallon gasoline above ground storage tank (AST) was located

approximately 1,000 feet north of the building and was removed in February 2004.  The

ADESA property has frontage on Myricks Street and is just North of the Town of

Lakeville border.  The PLAINTIFFS residential properties, which include portions of

Matthews Drive, Meaghan Circle and Grace Circle, are located approximately 200 to 500

8

feet East of the ADESA property boundary.

7.    On December 5, 2003, the Massachusetts Department of Environmental Protection (MADEP) was made aware of the presence of Methyl Tertiary Butyl Ether (MTBE) contaminating the PLAINTIFFS private drinking water supply wells at their residences adjacent to the ADESA property.  MADEP concluded that the likely source of the contamination was from a gasoline spill containing MTBE that had previously occurred on the ADESA property that had migrated to the PLAINTIFFS drinking water wells.

8.    MADEP assigned the ADESA disposal site with case number RTN4-18119.

9.    On December 8, 2003, a notice of responsibility (NOR) letter was sent to ADESA as a result of MTBE being detected in the PLAINTIFFS private drinking water supply wells.

10.    MADEP required that ADESA initiate an immediate response action plan (IRA) to evaluate whether releases occurred at its facility that resulted in the identified contamination of the PLAINTIFFS private drinking water supply wells.

11.    Pursuant to the (IRA) the DEFENDANT retained GeoInsight Inc., 25 Sundial Avenue, Suite 515 West, Manchester, New Hampshire 03103, to conduct an investigation and evaluation of the contamination.

12.    The topography in the area of the previously removed (AST), slopes East to Northeast directly onto the location of the PLAINTIFFS contaminated drinking water supply wells.

13.    The groundwater flow in the area also flows from the location of the previously removed (AST) in an East to Northeast direction onto the location of the PLAINTIFFS contaminated drinking water supply wells.

14.    Soil samples and soil borings located adjacent to the (AST) taken December 9, 2003 and

December 11, 2003 collected and submitted for laboratory analysis, revealed elevated

gasoline and  concentrations of MTBE ranging from 320 micrograms per kilogram (ug/kg)

to 2,300 ug/kg, which exceeded the reportable concentration of 300 ug/kg.

15.    In the summer of 2003, the DEFENDANT had a gasoline (AST) leak, which the

DEFENDANT failed to report to MADEP as required by the code of Massachusetts

Regulations 310 CMR 40.00 et al.

16.    That it is the PLAINTIFFS' contention that the (AST) leak of gasoline in the Summer of

2003 and at other sundry times resulted in the contamination of the PLAINTIFFS well

water supply with the gasoline additive MTBE.

### What is MTBE?

17.    MTBE is a shorthand name for methyl tertiary-butyl ether.  MTBE is a manmade organic

chemical. "Organic," in the chemical world, means it is a carbon-based compound, and

does not occur in nature without the help of man.  Like most synthetic chemicals, oil or

natural gas serve as the starting point for the chemical synthesis of MTBE.

18.    MTBE is highly flammable and mixes easily with gasoline.  Each MTBE molecule

contains one oxygen atom, which makes MTBE useful in reducing emissions from

gasoline powered engines.  MTBE evaporates easily, is lighter than water, and does not

break down easily in nature.  MTBE is also far more soluble in water than the other

chemicals found in gasoline.  It is MTBE's water solubility, and the resistance to natural

degradation to less objectionable compounds like ethanol, that make MTBE a serious

water pollution threat.

19.    MTBE has a putrid, foul and offensive odor and taste that easily contaminates water

supplies and is a potential carcinogen.

20.   The United States Environmental Protection Agency and Congress have mandated that reducing carbon monoxide and ozone air pollution from gasoline operated automobiles, trucks, and other engine is an important, indeed critical goal. Carbon monoxide is poisonous, and increased levels of carbon monoxide in the air damages the health of at least some persons who live in those areas. Ozone, commonly referred to as "smog," is a highly reactive three atom oxygen compound. Ozone is protective of life when found in the upper reaches of our atmosphere, but damaging to our lungs, and to plant and animal life when at the altitudes where we breathe.

21.   As a result of the 1990 Amendments to the Clean Air Act (hereinafter referred to "CAA"), oxygenates are required in two different fuel programs. It established air-quality standards for six major pollutants: carbon monoxide, hydrocarbons, photochemical oxidants, nitrogen oxides, sulfur oxides, and particulate matter. The 1990 Amendments added provisions relating to oxygenated gasoline and RFG.

22.   RFG is a special recipe for gasoline, with tighter specifications for the physical properties of the gasoline, and for several components, including an oxygenate. The most widely used oxygenate after 1995 was MTBE.

23.   Gasoline containing MTBE, per the (CAA) has been in use in Massachusetts since 1995. The gasoline that leaked from the Defendant's (AST) contained MTBE.

### III NEGLIGENCE

24.   PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 23 inclusive.

25. DEFENDANT, ADESA improperly stored gasoline in a 200 gallon (AST) that was improperly maintained, serviced, and updated in violation of State and local laws.

26. That the leaking of the (AST) and the propensity of gasoline containing MTBE to contaminate soil and drinking water is so menacing that the DEFENDANT knew or should have known that the failure to use proper storage containers, would pose a significant threat to PLAINTIFFS' property.

27. Despite DEFENDANT'S past and current knowledge of MTBE' harmful characteristics, DEFENDANT placed, gasoline in an (AST) in violation of State and local regulations.

28. Gasoline containing MTBE should not have been distributed and/or stored on DEFENDANT'S property without proper education and without warning of the propensity to contaminate the soil and drinking well water. Moreover, DEFENDANT should have properly educated and warned the governmental agencies including MADEP, and private property owners and the public (including PLAINTIFFS) of the release of gasoline in the summer of 2003 and other sundry times and failed to do so in violation of Massachusetts MADEP regulations.

29. Prior to storing and dispensing gasoline containing MTBE, DEFENDANT knew or should have known that in the event that said MTBE was released into soil and groundwater, it would not be biodegradable or bioremediated.

30. DEFENDANT owed PLAINTIFFS a duty of due care which could be satisfied by safe and proper use, management, and storage, of its petroleum related products.

31. DEFENDANT had a specific duty to prevent the discharge or release of such substances which might harm the persons, property or economic interests of PLAINTIFFS.

32.    DEFENDANT also had a specific duty to warn or notify PLAINTIFFS of the potential

hazards of exposure to toxic and hazardous substances and to warn or notify

PLAINTIFFS and MADEP that discharges or releases of these substances had occurred,

were likely to occur in the future and threatened PLAINTIFFS.

33.    DEFENDANT breached these duties by their negligent, and reckless management,

storage, and use of its gasoline.

34.    DEFENDANT'S reckless, negligent, and illegal conduct resulted in the actual dangerous

releases of hazardous and toxic substances into the PLAINTIFFS' properties.  These

actual and continued releases and discharges have subjected PLAINTIFFS to

unreasonable risk of harm, threat of future harm, and to actual injuries to their properties,

economic interests and persons.

35.    DEFENDANT also failed to warn PLAINTIFFS and MADEP of the actual and

threatened releases of such substances and of the reasonably foreseeable effects of such

releases, an omission that was reckless, grossly negligent, and/or negligent.

36.    DEFENDANT failed to and continues to fail to act to prevent its releases from harming

PLAINTIFFS.

37.    DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS

causing both actual present harm to PLAINTIFFS' properties and economic interests and

creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience

and interference with the use and enjoyment of their  properties.  PLAINTIFFS are

entitled to recover damages for such injuries and anticipated additional costs for their

damages.

38.  All injuries and damages to PLAINTIFFS are substantial.  Many of PLAINTIFFS' injuries, however, are as yet undeterminable in magnitude.  The amount of damage for the injuries will be established at trial.

## NEGLIGENCE

## DUTY TO PREVENT AND TO WARN

## IV.  DUTY TO PREVENT

39.  PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 38 inclusive.

40.  DEFENDANT failed to take appropriate precautions to protect PLAINTIFFS' soil and well water supply, from being threatened and/or contaminated with MTBE.  In failing to take adequate steps to prevent soil and well water contamination, DEFENDANT also breached its duty to protect PLAINTIFFS' exposure to contaminated soil and well water.

41.  DEFENDANT further negligently breached its duty to prevent MTBE from being discharged and released from storage tanks, barrels, and pipe lines into the soil and well water.

42.  DEFENDANT, after a substantial amount of MTBE was placed into the soil and well water, failed to prevent the threat of continued migration of said byproducts into the soil and well water by failing to report the leak to the MADEP, which continues to threaten PLAINTIFFS' properties.

43.  DEFENDANT knew, or should have known, that the MTBE contaminated soil and well water that may poison PLAINTIFFS' infrastructure and water supply for many years.

44.  DEFENDANT was in a position to stop this threat and/or contamination from spreading

14

and yet did nothing.

## V. <u>DUTY TO WARN</u>

45.    PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the

allegations contained in Paragraphs 1 through 44 inclusive.

46.    DEFENDANT failed in its duty to warn public agencies and private property owners of

MTBE's byproducts' propensity to contaminate PLAINTIFFS' properties.  Moreover,

DEFENDANT failed to warn PLAINTIFFS and the Town of Taunton and MADEP

that, as a result of having MTBE  placed into the soil, their property and well water was

in danger of being contaminated.

47.    PLAINTIFFS' injuries were a foreseeable result of DEFENDANT'S placement of MTBE

into the soil.

48.    As a direct and proximate result of DEFENDANT'S negligent breach of its duties, as

outlined above, PLAINTIFFS have suffered extensive damages in an amount to be

proven at the time of trial.

49.    DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS

causing both actual present harm to PLAINTIFFS' properties and economic interests and

creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience

and interference with the use and enjoyment of their  properties.  PLAINTIFFS are

entitled to recover damages for such injuries and anticipated additional costs for their

damages.

## VI. <u>DUTY TO REMEDIATE</u>

50.    PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the

allegations contained in Paragraphs 1 through 49 inclusive.

51.    DEFENDANT placed MTBE into the soil without warning governmental authorities,

       private properties owners, or PLAINTIFFS, of MTBE's dangers.

52.    Once DEFENDANT knew that contamination was being discharged into the soil in the

       Town of Taunton, they did nothing to prevent the contamination from spreading into

       PLAINTIFFS' properties.

53.    Moreover, DEFENDANT knew or should have known that PLAINTIFFS was defenseless

       to protect themselves because they did not have knowledge of MTBE's negative impact

       on well water.

54.    Also, once it became known that PLAINTIFFS' soil was contaminated, DEFENDANT

       should have warned PLAINTIFFS of the problem and immediately remediated the

       contamination that its business activities had caused.

55.    Once the contamination became known, DEFENDANT failed to control the

       contamination from expanding into PLAINTIFFS' and the surrounding community's soil.

56.    Once the contamination became known, DEFENDANT failed to remediate the

       contamination. DEFENDANT has left PLAINTIFFS and the community to remediate

       the contamination knowing that PLAINTIFFS did not have the expertise or the

       resources to properly remediate the contamination that DEFENDANT created.

57.    As a direct and proximate result of DEFENDANT'S breach of its duties, as outlined

       above, PLAINTIFFS have suffered extensive damages in an amount to be proven at trial.

58.    Moreover, DEFENDANT willfully and intentionally breached its duty of care and acted

       with conscious disregard of PLAINTIFFS' safety.

59.   DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS

causing both actual present harm to PLAINTIFFS' properties and economic interests and

creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience

and interference with the use and enjoyment of their properties.  PLAINTIFFS are

entitled to recover damages for such injuries and anticipated additional costs for their

damages.

## VII.  ABNORMALLY DANGEROUS ACTIVITY
## ABSOLUTE OR STRICT LIABILITY

60.   PLAINTIFF realleges and incorporates by reference as if fully set forth herein Paragraphs

1 through 59, inclusive.

61.   The MTBE released by DEFENDANT is toxic and hazardous and capable of causing

severe personal injuries to persons coming into contact with it and, as such, is an ultra-

hazardous material and abnormally dangerous.

62.   The use and storage of gasoline with MTBE is an ultra-hazardous and abnormally

dangerous activity, subjecting persons coming into contact with MTBE to a severe risk of

harm, regardless of the degree of caution which DEFENDANT might have exercised.

The risk of such an activity was not and is not outweighed by any value associated with

its use to the community.

63.   In addition, with full knowledge of the environmental and health hazards associated with

the disposal and release of MTBE, DEFENDANT negligently allowed the disposal of said

toxic MTBE in the vicinity and eventually on the PLAINTIFFS' property.

64.   Although PLAINTIFFS maintain that DEFENDANT'S activities were abnormally

dangerous per se, the location of such activities in a well-populated area such as a

17

residential area in the Town of Taunton would independently have rendered them abnormally dangerous.

65.   As a direct and proximate result of DEFENDANT'S use and storage of natural gasoline containing MTBE, contaminants were released into the environment, thereby injuring PLAINTIFFS, which include actual present harm to their property and economic interests, and potential future harm to PLAINTIFFS due to the threat of future contamination, as well as inconvenience and interference with the use and enjoyment of their property.  These injuries constitute the type and harm which made the activities abnormally dangerous.

66.   By reason of the foregoing, DEFENDANT is strictly liable in tort for the damages sustained by PLAINTIFFS.

67.   All injuries and damages to PLAINTIFFS are substantial; however, many of the injuries to PLAINTIFFS are as yet undetermined in magnitude.  The amount of damage for some of PLAINTIFFS' injuries will be established at trial.

## VIII.  PRIVATE NUISANCE

68.   PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 67, inclusive.

69.   At all times material hereto, PLAINTIFFS were in lawful possession of their land.

70.   DEFENDANT'S use, possession and storage of gasoline containing MTBE has resulted in an intrusion and the continued intrusion upon PLAINTIFFS' properties, significantly and negatively impacting upon PLAINTIFFS' right to use and enjoy their property.

71.   Specifically, DEFENDANT'S unreasonable emission, disposal and release of MTBE into

PLAINTIFFS' soil, was substantially offensive, discomforting and annoying to persons of ordinary sensibilities, tastes, and habits.

72.    DEFENDANT'S interference with PLAINTIFFS' rights were so unusual and excessive that it necessarily caused injury, damage, harm and inconvenience to PLAINTIFFS, and it substantially, materially and unusually interfered with their comfort, and with the proper use and enjoyment of their properties.

73.    PLAINTIFFS' specific damages include, but are not limited to, remediation costs attributable to the presence of contaminants on her property. Such invasion of PLAINTIFFS' rights were unreasonable.

74.    DEFENDANT'S use, possession and storage of MTBE has resulted in an entry and intrusion, and the continued entry and intrusion onto the property of PLAINTIFFS without privilege, permission, invitation or justification.

75.    DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries, including actual or increased harm to their property and economic interests and injuries to their persons, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries.

76.    All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS' injuries, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at trial.

## IX.  TRESPASS

77.    PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 76, inclusive.

19

78. PLAINTIFFS were at all relevant times in possession of land they owned and/or occupied.

79. Upon information and belief, DEFENDANT knew its intentional discharge of contaminants had migrated onto PLAINTIFFS' properties.

80. Upon information and belief, despite DEFENDANT'S knowledge of the harm caused by the placement of MTBE in the soil, DEFENDANT intentionally persisted in its conduct and continued to discharge said contaminants.

81. Upon information and belief, the discharge which DEFENDANT knew or should have known migrated onto PLAINTIFFS' soil and property, constitutes a trespass.

82. Upon information and belief, PLAINTIFFS' real property, continues to be threatened, exposed to and/or contaminated by hazardous chemicals and materials originating at DEFENDANT'S facility.

83. DEFENDANT'S use, possession and storage of MTBE has resulted in an entry and intrusion onto PLAINTIFFS' property without privilege, permission, invitation or justification.

84. DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries, including actual physical harm to property and economic interests and an increased risk of future harm to her person, as well as inconvenience and interference with the use and enjoyment of her property. PLAINTIFFS are entitled to recover damages for such injuries.

85. All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS'

injuries, however, are as yet undetermined in magnitude.  The amount of damages for such injuries will be established at trial.

## X.  PUBLIC NUISANCE

86. PLAINTIFFS reallege and incorporates by reference as if fully set forth herein Paragraphs 1 through 85, inclusive.

87. DEFENDANT has manufactured and disposed of its product in a manner that has unreasonably endangered or injured the property, health, safety and comfort of PLAINTIFFS and other town residents, causing inconvenience and annoyance.

88. Actual MTBE contamination caused by DEFENDANT'S conduct has caused injury to PLAINTIFFS in the form of present serious interference with the use, benefit and/or enjoyment of her property, in a way that an ordinary reasonable person would define as substantial inconvenience, annoyance, and injury.

89. DEFENDANT has violated and/or threatened to violate PLAINTIFFS' right to contaminate free well water.

90. As a direct and proximate result of DEFENDANT'S acts and omissions creating the above-described nuisance, PLAINTIFFS have suffered special injuries to their properties, including but not limited to, the threat and/or actual contamination by MTBE, reduction of their property values and the costs associated with removing said contamination.

## XI. PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFFS demand judgment in their favor against DEFENDANT:

a. A declaration by the Court that DEFENDANT has been and continues to be in violation of the above legal duties;

b.  Awarding PLAINTIFFS compensatory damages;

c.  Awarding PLAINTIFFS the costs of this lawsuit, including but not limited to, attorneys' fees and expert costs as authorized by statute and the applicable rules of this Court;

d.  Enjoining DEFENDANT from allowing the continued placement and migration of MTBE onto PLAINTIFFS' soil and property;

e.  Requiring DEFENDANT to pay all future costs incurred by PLAINTIFFS for the costs associated with obtaining alternative housing or well water remediation;

f.  Requiring DEFENDANT to pay all of PLAINTIFFS' costs associated with the diminished property values as a result of the contamination including the repair of the street and surrounding property;

g.  Preliminary and permanent injunctions to pay money into a fund sufficient to clean and remediate the contamination that DEFENDANT caused to be discharged into PLAINTIFFS' soil and well water;

h.  An Order mandating that DEFENDANT and its successors and assigns, to take every action necessary to assure that all relief requested herein is obtained and fully funded;

i.  Awarding PLAINTIFFS sufficient sums to compensate them for past, present and future pain and suffering, lost wages and reasonable medical expenses, including but not limited to, medical monitoring;

j.      Awarding PLAINTIFFS such other, further, and different relief as the

Court may deem appropriate and just; and

k.      Trial by Jury.


Plaintiffs
By their Attorneys,
**BRIAN CUNHA & ASSOCIATES, P.C.**

/s/ Brian R. Cunha
Brian R. Cunha, Esquire     #108560
311 Pine Street
Fall River, MA 02720
Telephone:    (508) 675-9500
Fax:    (508)679-6360